Oglesby *vs.* Gilmore.

---

No. 15.—GEORGE S. OGLESBY, plaintiff in error, *vs.* W. W. GIL-MORE, administrator, &c. defendant.

[1.] Where the Circuit Court misinterprets the decision of the Supreme Court, on a former hearing, the cause will be remanded, with instructions.

In Equity, in Lee Superior Court. Before Judge WARREN, November Term, 1849.

Oglesby *vs.* Gilmore.

When this cause was previously before this Court, (5 *Ga. Rep.* 56,) it was remanded, with instructions, " That the administrator, *de bonis non*, file his bill within a reasonable time; against both the parties now before the Court, in which all concerned may litigate ; and failing or refusing so to do, it is farther *Ordered*, that the funds in the hands of the receiver be paid over to George S. Oglesby."

A motion being subsequently made in the Court below, to dissolve the injunction, on the coming in of the answer, and that the money in the hands of the receiver be paid over to Oglesby, the presiding Judge refused the same, upon the ground that such an order would be inconsistent with the instructions of the Supreme Court.

This decision was excepted to, and the cause brought up for the purpose of obtaining a construction of this Court upon its own order.

H. Holt, for plaintiff in error.

E. R. Brown, for defendant.

The following order was entered in this case:

GEORGE S. OGLESBY, plaintiff in error,     }
               *vs.*                       }
WM. W. GILMORE, administrator, &c. defendant. }

This cause came before the Court, upon a bill of exceptions and transcript of the record, from the Superior Court of Lee County ; and after argument of counsel heard thereon, it is considered and adjudged by the Court, that the order of the Court below be reversed, and a re-hearing had, upon the ground that the Court erred, in holding that it was controlled, in the premises, by the instructions sent down from this Court, in the case of *Oglesby vs. Gilmore and others*, decided at the Americus Term, 1848 ; its intention being to hold up the fund, in the hands of the receiver, for a reasonable length of time, only for the purposes of the litigation therein contemplated ; and should the administrator, *de bonis non*, interplead, as he has done, then to place the disposition of the fund in controversy, entirely at the discretion of the Chancellor, untrammeled by the authority of this Court.