Charles E. Lewis v. Sampie V. Steiner, Administratrix, et al.

No. 7186.

· 1. **Absence of Assignment of Error—Rules.**—Under the provisions of article 1037 of the Revised Statutes, and Rules 23 and 24 of Rules for Supreme Court, errors not urged by an assignment in the record will be considered as waived.

2. **Sale of Personal Property—No Implied Lien.**—There is no such principle as a vendor's implied lien upon chattels after they have been delivered to the purchaser. The seller's lien is at an end when the goods are delivered.

Appeal from McLennan. Tried below before Hon. J. R. Dickinson.

No statement is necessary.

*Robertson & Lewis*, for appellant. — When a man dies leaving no homestead, but leaving personal property, some of which is not paid for, on the application of his widow on her own behalf and that of an infant child for allowances in lieu of homestead and in lieu of exemptions, and for allowances for support for one year, that portion of said personal property which is not paid for can not be sold to make up the fund necessary for said allowances, especially the allowance in lieu of homestead, when the purchase money creditor objects thereto and claims that his purchase money debt should be first paid out of said property. Const., art. 16, sec. 50; Thomp. on Homesteads, secs. 331, 356; Shepperd v. Cross, 33 Mich., 96; Harley v. Davis, 16 Mo., 487; Freem. on Ex., sec. 217; Phelps v. Porter, 40 Ga., 485; Sayles v. Collins, 55 Ga., 370; Bugg v. Russell, 75 Ga., 837; Pratt v. Bank, 12 Kans., 570.

*Prather & Lindsey*, for appellees. — The seller of personal property has no lien upon it after a fair and absolute delivery of it to the purchaser; and the rule in relation to real estate, that a vendor has a lien for the purchase money, has no application to personal property. Const., art. 16, sec. 50; Rev. Stats., arts. 1993–1995, 2002, 2003, 2007, 2008; Scott v. Cunningham, 60 Texas, 566; Clift v. Kaufman, Id., 64; 1 Jones on Liens, secs. 40, 811.

COLLARD, Judge, *Section A.*—In the regular administration of the estate of Frank Steiner, deceased, and at the first term of the court after inventory was filed, upon the application of the widow and administratrix, Sampie V. Steiner, for herself and in behalf of her infant child Frank Steiner, the Probate Court, on May 24,1889, in McLennan County, set aside certain moneys in the hands of the administratrix, the proceeds of the sale of the personal property of the estate, as allowance for a year's support for her and the child, and in lieu of a homestead

and other exempt property. On the same day Charles E. Lewis filed objections to the allowance, upon the ground that he was a creditor of the estate for approved claims to the amount of $239.41; and because the goods sold to Steiner for which the debts were contracted were all on hand and in stock at the time of Steiner's death and could readily be identified, which goods had·been sold by the temporary administratrix, and their proceeds formed a part of the fund out of which the allowance was made, Lewis maintaining that the purchase money for his goods must be paid before they can be appropriated to furnishing the widow and child such allowances. The estate was insolvent. The court sustained exceptions to the objections of Lewis, who appealed to the District Court, where the same order was made as in the Probate Court, from which this appeal is taken.

There is an assignment of error in appellant's brief, but none in the record. There being no such assignment filed in the court below, and no error appearing of record, there is really no question before us. Rev. Stats., art. 1037; Rules of Supreme Court, 23, 24. It will not be amiss, however, as we think, in this case to say, that there was no merit in the objections filed by Lewis. There is no such principle as a vendor's implied lien upon chattels after they have been delivered to the purchaser. The seller's lien is at an end when the goods are delivered. 1 Jones on Liens, 806, et seq.

There was no error in the judgment of the court, and it ought to be affirmed.

*Affirmed.*

Adopted April 19, 1892.