## B. I. ARNOLD, RECEIVER, v. BETTIE PENN.

### No. 1403.

**1. Evidence—Books of Account.**

The books of a bank are not admissible in evidence in an action against the bank, until it is shown that they have been properly kept.

**2. Same—Secondary Evidence.**

Where part of a letter purports to give a statement of what the books of the bank disclose, such part, when offered in evidence, is subject to the objection that the books themselves are the best evidence.

**3. Verdict Where There are Several Counts.**

Plaintiff's petition contained three counts, each seeking to recover the same sum of money. The jury returned a verdict for plaintiff, but disregarded an instruction that if they found for plaintiff, they should state on what count. Held, not reversible error.

**4. Limitations—Demand.**

An action for money deposited in a bank is not barred by limitations where less than two years have elapsed since demand for the money was made of the bank, or its receiver.

**5. Claim Against Receiver—Verification.**

In the absence of a statute requiring that a claim against the receiver of a bank should be verified by affidavit, the failure to make such proof will not bar the right to sue on the claim.

**6. Judgment Against Receiver—Execution.**

A judgment against a receiver operates only as an established claim, and it is error to direct execution to issue thereon.

**7. Practice on Appeal—Costs.**

Where on appeal the judgment is reformed on a point that would probably have been corrected by the trial court, had its attention been called thereto, the costs of appeal will be taxed against appellant.

APPEAL from Bell.   Tried below before Hon. W. A. BLACKBURN.

*Henderson & Streetman*,   for appellant.

*Parker & Harris*, for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellant, as receiver of the Bell County National Bank, and said bank, for $2000 and interest.

Her petition contained three counts, viz.:   1st.   For money had and received by said bank.   2d.   For money deposited in the bank which it refused to deliver on demand, etc.   3d.   That $2000 of her money had been invested in secured notes, which notes were placed in said bank for safe keeping, and that the bank had either negligently lost the notes or converted them to its own use.   A verdict and judgment were rendered for the plaintiff for $1535 and interest, from which judgment the defendant has appealed, and presented the questions discussed in this opinion.

1.   As to the facts.—There is uncontroverted evidence tending to show, and we find, that $2000 of the plaintiff's money was deposited in the Bell County National Bank; that thereafter she drew three checks on said bank for sums aggregating $465, which were paid by the bank, and that some time in July, 1892, the plaintiff demanded payment of the $2000 from the defendant, B. J. Arnold, who had previously been appointed receiver of said bank, which payment was refused. The plaintiff did not verify her claim by affidavit before nor at the times she demanded payment.   Her suit was brought January 5, 1894.

2.   We do not think the court committed reversible error in its rulings on the admissibility of evidence.   In giving her reason, in her deposition, for not attending court and testifying from the witness box, Mrs. Penn may have elaborated on the condition of her health more than was necessary; but it is not made to appear that her bad health was urged in argument as a circumstance entitling her to special consideration, and, considering the other testimony and the verdict, it is not probable that the jury were improperly influenced by the statements regarding her health.

The bank books were not admissible, because it was not shown that they had been properly kept.   Baldridge v. Penland, 68 Texas, 441.

The excluded portion of the letter from appellant to appellee was subject to the objection urged against it.   Part of it was merely appellant's statement of what the bank book disclosed.   The books themselves were better evidence.   The remainder enquired whether or not the $2000 had been checked out by her or with her permission; and if so, did she authorize its investment in capital stock of the bank.   In Mrs. Penn's answer to the letter, a portion of which letter the court excluded, she merely referred appellant to C. L. McCay, and stated that he formerly had and still had full authority to act for her in all business transactions.   Her letter was in evidence.   Now, if there had been any testimony before the court and jury tending to show that McCay had

checked the money out or had invested it in bank stock, that part of the letter asking these questions might have been admissible to have been considered in connection with Mrs. Penn's letter to Arnold on the question of McCay's agency and the extent of it; though it is difficult to see how his agency could have been any broader than is stated in Mrs. Penn's letter, construed without reference to the one she was replying to.

3. The court instructed the jury, if they found for the plaintiff, to state on which count. This the jury failed to do, but returned a general verdict for the plaintiff. We do not regard this as reversible error. In each count the plaintiff sought to recover the same sum of money, and the court might have told the jury, if they found the facts alleged in either count to be true, to find for the plaintiff, without directing them to state on which count they found.

It being unnecessary to instruct the jury to state on which count they found, it was not reversible error for the jury to disregard the instruction.

4. Appellee brought her suit in less than two years after her demand for her money was made and refused, and therefore she is not barred by the statute of limitations.

5. Appellant has not called our attention to any statute requiring creditors presenting their claims to receivers to verify them by affidavit, or declaring that such verification is an essential prerequisite to a suit upon such claims.

Of course a receiver may and should require reasonably satisfactory proof of the justness of any claim before allowing it; but, in the absence of a statute requiring proof of a particular kind, we do not think that the failure to make such proof will bar the right to sue on the claim.

6. It was error to authorize execution to issue against Arnold, receiver, because, as to him, the judgment only operates as an established claim against the assets of the bank held by him as receiver; and, in this respect, the judgment will be reformed. It is probable that if this error had been called to the attention of the court below, it would have been there corrected; therefore, all the costs of this appeal will be taxed against appellant.

*Reformed and affirmed.*

Delivered October 23, 1895.