BROOKS, administrator, *et al. v.* MILLER.

The facts of this case as reported in 103 *Ga.* 712, were not materially changed upon the second trial; and the judgment of the lower court, not being in accordance with the decision rendered when the case was here before, must be reversed.

Argued June 12, — Decided July 20, 1901.

Action on contract. Before Judge Norwood. City court of Savannah. October 19, 1900.

*Denmark, Adams & Freeman,* for plaintiffs in error.
*Saussy & Saussy,* contra.

LEWIS, J. This case is reported in 103 *Ga.* 712. After the decision there reported, there was a trial, on which the evidence introduced was that contained in the brief of evidence which was before this court at the time that decision was rendered, and certain additional evidence contained in the present record. The defendants contended that, under the evidence and the decision above referred to, a judgment in their favor was demanded; that the contract sued on was made conditional on a division between the cotenants, and that Miller, the prospective purchaser and the agent of the owners, was to see to a division being made, but took no steps to bring about such a division and did not propose to do so; and further, that no evidence had been submitted to prove the damages claimed or furnish a basis therefor. The judge, to whom the case was submitted to be tried without a jury, rendered a judgment awarding to the plaintiff $7,379.90, with interest from May 4, 1888; and the defendants excepted.

Where a case rests upon a simple issue of fact, and there is a conflict in the testimony upon the trial, this court will not interfere to settle such an issue. But the judge of the court below in the present case did not, in arriving at his conclusion, properly apply the principle of law laid down when the case was here before. We then based our ruling upon the fact that the letters which evidenced the contract between Miller and Mousseau showed upon their face that the contract for the sale of the land in question was conditional upon a division or partition of the land between the cotenants, the subject-matter of the sale being the interest of one of the cotenants after such division, and that the purchaser (the defendant in error in the present case), who was also the agent of

the owner, was to see to the division being made. No time was specified within which the division should be made, and the enforcement of the contract depended upon the ability of the purchaser to bring it about. That question was not a simple issue of fact upon a conflict of the evidence, for there was no conflict as to what the contract actually was, and the principle announced was a conclusion of this court as to the construction of that contract. It was therefore purely a question of law, and the decision of this court upon the subject was res adjudicata and binding upon the parties.

There is nothing in the additional testimony offered on the second trial to show that Miller took any active steps to bring about a partition of the land in controversy. It clearly appears that, while he was ready at any time to act if he had been appointed an arbitrator by the court, he did nothing to bring about the partition, either by arbitration or by proceedings in court. Mousseau, seeing that nothing had been accomplished in that direction, and doubtless believing that nothing would be accomplished, sold the land. This additional testimony could have been of no benefit whatever to the plaintiff on the trial of the case. On the contrary, it furnished still further proof that he had done nothing whatever to bring about the division, and nothing appeared to indicate that he intended at any time in the future to be active in this direction. In any event, the evidence was not sufficient to show any definite amount in which Miller had been damaged, if he was damaged at all; for it is impossible to determine what price he would have had to pay for the land. He was to pay $100 per lot after the division, but it seems that there was quite a difference in the value of different portions of the property, and in the division Mousseau's portion or number of lots would have had to be determined according to its value. For these reasons, we think that the judgment of the court below finding in favor of the plaintiff and against the defendants was contrary to the law of the case as heretofore decided, and to the evidence introduced at the trial.

*Judgment reversed. All the Justices concurring.*