FIRST STATE BANK & TRUST CO. OF HEREFORD v. SOUTHWESTERN ENGINEERING & CONSTRUCTION CO. et al. (No. 612.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 7, 1914.)

1. EVIDENCE (§ 130*) — WRITTEN INSTRUMENTS—CONTRACT TO CONVEY LAND—DEED—MERGER.

Where a contract to convey land and a deed executed contemporaneously were of the same date, the deed being intended to carry out the contract, the contract was merged in the deed, and, not having been acknowledged or recorded, was res inter alios acta, and inadmissible as between third persons.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 403; Dec. Dig. § 130.*]

2. APPEAL AND ERROR (§ 499*)—ASSIGNMENTS OF ERROR—REVIEW—BRIEF.

An assignment of error complaining of the exclusion of evidence cannot be considered on appeal, where appellants' brief fails to show that the ruling has been preserved by a bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

3. APPEAL AND ERROR (§ 719*)—FUNDAMENTAL ERROR—ASSIGNMENT OF ERROR—NECESSITY.

The erroneous direction of a verdict for defendant is fundamental, and must be considered on appeal, even without an assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

4. APPEAL AND ERROR (§ 1216*)—REVERSAL—REMAND—CONCLUSIVENESS.

Where a judgment is reversed, and the cause remanded, the judgment of the appellate court is binding on the trial court, and a failure to comply with such judgment is ground for reversal, though appellant may also have a remedy by mandamus.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4700; Dec. Dig. § 1216.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by the First State Bank & Trust Company of Hereford, Tex., against the Southwestern Engineering & Construction Company, in which an attachment was issued against land claimed by F. M. Barden. Judgment for defendants, and plaintiff appeals. Reversed and remanded, with instructions.

See, also, 153 S. W. 680.

---

G. W. Barcus, of Waco, for appellant. Cooper & Merrill, of Houston, and Lumpkin & Harrington, of Amarillo, for appellees.

HALL, J. The pleadings in this case have not been amended since the former appeal, reported in 153 S. W. 680, to which we refer for a statement of the issues.

[1] The first assignment complains of the action of the court in permitting the defendant to read in evidence the contract for the sale of the real estate involved in this controversy, between W. H. Rayzor and W. A. Cullen. Plaintiff objected to the introduction of this contract for the following reasons:

"That there is a deed on record from Rayzor to Cullen setting out the terms of the sale and the consideration paid therefor, and this is seeking to vary that; that it is not recorded and could not in any way bind the plaintiff or affect its rights; that it purports to be a contract between W. H. Rayzor and W. A. Cullen, to which none of the parties to this suit are parties; it is an ex parte statement made by those parties, and without giving the plaintiff an opportunity to examine them on the question, and would be mere hearsay statements, which could not in any manner bind this plaintiff; that it is not under the sanctity of an oath, is not acknowledged nor filed for record, and is not an instrument that plaintiff had notice of, the plaintiff claiming to be an innocent purchaser for value."

We think these objections should have been sustained and the contract excluded. While it is true that the contract bears the same date as the deed conveying the land, the rule that, where two or more written instruments executed contemporaneously between the same parties and in reference to the same subject-matter are shown, they must be treated as one instrument and forming the same contract, does not obtain. The deed is evidently a consummation of the trade, and the contract has been merged in it. Besides, this is a suit between strangers to this instrument, and since it had not been acknowledged and recorded, and was res inter alios acta, it should have been excluded. Wichita Falls Compress Co. v. W. L. Moody & Co., 154 S. W. 1032; Stuart v. Kohlberg, 53 S. W. 596; Stone v. Stitt, 132 S. W. 862; Ellis v. Le Bow, 30 Tex. Civ. App. 449, 71 S. W. 576.

[2] The second assignment cannot be considered, because appellant's brief fails to show that the action of the court in excluding the testimony has been reserved by bill of exception. Saenz v. Mumme & Co., 85 S. W. 59.

[3, 4] The action of the court in directing a verdict, if error, is fundamental, and must be considered by this court, even in the absence of an assignment of error. On the former appeal the judgment was reversed and the cause remanded, because the court failed to submit the issues of fact to the jury. We thought the plaintiff was entitled to have the issues raised by the pleadings and supported by the evidence passed upon by a jury, and we are of the same opinion now. The issues as to whether or not the land in controversy belonged to F. M. Barden or to the appellee, whether or not the deed executed by the townsite company to Barden was in fact a mortgage, and, if a mortgage, the amount secured thereby, and the amount, if any, paid by Barden on the land for and in behalf of the Colorado,· Hereford & Gulf Townsite Company, should have been submitted for determination by the jury, and the cause will be remanded, with instructions to submit such issues, together with any others which may be properly raised by the pleadings and the evidence. When a judgment is reversed and a cause remanded because of errors committed by the trial court, the judgment of the appellate court is binding upon the lower court, and a failure to comply with such judgment is ground for reversal (Oglesby v. Gilmore, 8 Ga. 95; Brooks v. Miller, 113 Ga. 1008, 39 S. E. 429), although the appellant may have open to him at the same time a remedy by mandamus (Witherspoon v. Daviss, 163 S. W. 700; Wells v. Littlefield, 62 Tex. 28).

Reversed and remanded, with instructions.