HOOKER et al. v. STATE ex rel. BRANNON et al. (No. 7883.)

(Court of Civil Appeals of Texas. Dallas. June 16, 1917. Rehearing Denied Oct. 6, 1917.)

1. SCHOOLS AND SCHOOL DISTRICTS ⬥⟞39—CHANGE IN BOUNDARIES—REVIEW OF PROCEEDINGS.

Under Rev. St. 1911, art. 2866, authorizing commissioners' courts to change the boundary lines of independent school districts, and Acts 34th Leg. c. 36, § 4, authorizing county school trustees to exercise the authority theretofore vested in commissioners' courts with respect to subdividing the county into school districts and to making changes in school district lines, and section 4a, providing that the district court shall have general supervisory control of the action of the county board of school trustees in creating, changing, and modifying school districts, the district court had power to review the action of a county board of school trustees in changing the boundary line between two independent districts.

2. APPEAL AND ERROR ⬥⟞301, 745—REVIEW—MOTION FOR NEW TRIAL—ASSIGNMENTS OF ERROR—TRANSCRIPT.

Assignments of error, not presented in a motion for a new trial or shown by the transcript, will not be considered, unless they present fundamental error.

3. APPEAL AND ERROR ⬥⟞742(6) — ASSIGNMENTS OF ERROR—SUFFICIENCY OF STATEMENT.

Where, in a suit to review the action of a county board of school trustees in detaching territory from one independent school district and attaching it to another, the statement under an assignment of error did not show in what particular the documentary evidence specified therein failed to authorize the judgment annul-

ling the action of the board, the court was not required to make a search of all the evidence in the statement of facts for this purpose.

4. APPEAL AND ERROR ⬥⟞719(6) — ASSIGNMENTS OF ERROR — FUNDAMENTAL ERROR—SUFFICIENCY OF EVIDENCE.

Where, in such proceeding there was evidence that the district to which the territory was attached by the board contained more than 3,000 acres greater territory than the district from which it was detached, and more than twice as large a scholastic census, there was no fundamental error apparent on the face of the record, reviewable without being properly assigned, in the district court's holding that the board acted wrongfully in making the change of boundaries.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Proceeding by the State, on the relation of C. H. Brannon and others, against R. H. Hooker and others. From a judgment for relators, defendants appeal. Affirmed.

J. J. Averitte, of Houston, and Wear & Frazier, of Hillsboro, for appellants. Walter Collins, of Hillsboro, and Chas. L. Black, of Austin, for appellees.

RAINEY, C. J. We adopt the following statement from appellants' brief of the nature of the suit, which we deem correct, to wit:

"This proceeding was instituted in the district court of Hill county, Tex., by the state of Texas, upon the relation of C. H. Brannon et al., trustees of the Massey independent school district, and by the said school district, for the purpose of testing the validity of a certain order entered by the county board of school trustees of Hill county, by which order said board of school trustees undertook to detach certain territory from the Massey independent school district and attach same to the Abbott independent school district. The first portion of the petition is in regular form of a quo warranto proceeding to set aside the order assailed and to prevent the school trustees of the Abbott independent school district from exercising their corporate and official powers over the territory affected. The Abbott independent school district and all the trustees thereof, and the assessor and collector of taxes thereof, were joined as defendants in the suit. In the second portion of the petition the trustees of the Massey independent school district, in their official capacity and as individual taxpayers of the same, joined by the Massey independent school district, for further cause of action sought to have the order of the county board of school trustees reviewed, revised, and set aside by the district court, as authorized by law.

"The first portion of the petition was therefore based upon the theory that the order of the county board of school trustees was invalid for lack of power to enter it, and the second portion of the petition was based upon the theory that, if the plaintiffs were mistaken as to their first count, then that they were entitled to have the order reviewed and revised on the facts under the statutory power vested in the district court. The case was tried before the court without a jury, and the court rendered a general judgment, finding that from the law and facts the plaintiff and relators were entitled to recover, and rendered judgment in their favor. From this order the appellants, defendants in the court below, have appealed."

─────────────────────────────

⬥⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

There are only two assignments of error found in the transcript. The first one attacks the judgment of the district court for reviewing the action of the board of the county school trustees for nullifying the extending of the boundary lines of the Abbott independent school district, so as to include a strip of land, a part of the Massey independent school district. The second assignment is similar, but specifically complains of the court for enjoining the trustees of the Abbott district for exercising jurisdiction over said detached strip.

[1] Under the act of the Legislature of 1905 (article 2866, R. S. 1911), commissioners' courts were authorized to change the boundary lines of independent districts situated in the county. By Acts 34th Leg. p. 70, § 4, county school trustees are authorized "to exercise the authority heretofore vested in the commissioners' court with respect to subdividing the county into school districts, and to making changes in school district lines." Section 4a provides:

"The district court shall have general supervisory control of the actions of the county board of school trustees in creating, changing and modifying school districts."

From these provisions of the law we are of the opinion that the district court had the power to review the action of the Hill county board of school districts in changing the boundary line between the two independent districts in controversy.

[2] Two other assignments of error are presented in appellants' brief, but not having been presented in a motion for new trial, or shown by the transcript, they will not be considered under the rules promulgated by the Supreme Court, and we cannot consider same unless fundamental error is shown in the fourth assignment, which appellants present as fundamental error, which assignment is as follows:

"All the evidence adduced having without contradiction conclusively established that at the time of the institution of this cause and at the time of the disposition of the same in the court below, the territory in controversy herein and over which relators claimed authority to exercise the corporate franchises, privileges, and powers conferred by law upon the Massey independent school district and its officers was not any part of the territory of the Massey independent school district, but that the county board of school trustees of Hill county, in the exercise of an authority lodged in said board by the law, by its order regularly made and entered, and still in full force and effect, had theretofore detached said territory from the territory of the said Massey independent school district, and no evidence having been adduced supporting or tending to support relators' allegations of facts by reason of which it was prayed that said order be set aside by the district court, the judgment of the court below is without support in the evidence, and is therefore fundamentally erroneous."

[3] The statement made by appellants under this assignment calls attention to paragraph 10 of appellees' petition, to the order of the county judge of Hill county, decreeing the due incorporation of Massey independent school district, petition to the county board of school trustees showing that all the owners of territory in dispute desired to be detached from the Massey district, order of county board of school trustees detaching from the Massey district the territory in controversy, and admission that relators all live in the Massey district, and further states that there was no testimony adduced, and none in the record, in support of the allegations of fact presented as ground for asking that the order of the county school trustees be set aside, on the ground set out in paragraph 10 of said petition. The foregoing contains substantially the statements as made. It does not attempt to show in what particular the documents named fail to state defects authorizing the judgment, and in order to do so it would require a search of all the evidence in the statement of facts, which this court is not required to do. There is other evidence which appellee says was amply sufficient to support the judgment, and that there is no error apparent upon the face of the record requiring the court to so act.

[4] There was further evidence showing that the two districts were contiguous; that the Abbott district contained more than 3,000 acres greater territory than the Massey district when the change was made, taking about 110.7 acres from the Massey district, and at the time of the change Abbott district had a scholastic census of 209, and Massey district 94. There was a map or plat of Abbott school district, the contents of which are not shown. That with said territory added gave Abbott district 12,983 acres and Massey district 7,696 acres. From the testimony introduced we are unable to say that the trial court had not sufficient grounds for holding that the school trustees acted wrongly in detaching a part of the Massey district and adding it to the Abbott district; at least we are of the opinion that, if there was error, it is not shown by the face of the record, and therefore not fundamental, and we cannot consider the error, it not being properly assigned.

The judgment is affirmed.