## MARTIN v. GRANDVIEW INDEPENDENT SCHOOL DIST. (No. 91.)*

(Court of Civil Appeals of Texas. Waco. Oct. 16, 1924. Rehearing Denied Nov. 13, 1924.)

1. **Schools and school districts ⬳32—Act creating independent school district held not to exempt district from operation of general laws so that addition of territory thereto was not void.**

There is nothing in act of 1909, —— Gammel's Laws, p. ——, creating independent school district within city of Grandview which exempts it from operation of Vernon's Sayles' Ann. Civ. St. 1914 or Complete Tex. St. 1920, arts. 2849f, 2866, and hence order of county board adding adjacent territory to district was not void.

2. **Schools and school districts ⬳32—Action of county board of school trustees in adding adjacent territory to independent school district held valid exercise of discretion and power.**

Action of county board of school trustees in enlarging boundaries of independent school district of city of Grandview, created by legislative act, *held* valid exercise of discretion and power conferred by Vernon's Sayles' Ann. Civ. St. 1914 or Complete Tex. St. 1920, arts. 2849f, 2866.

3. **Schools and school districts ⬳24(2)—Legality of independent school district determined only by suit for that purpose by state or under its authority.**

Enlarged independent school district being a quasi municipal corporation, its legality could only be determined by suit for that purpose, by state or under its authority, and lack of legality could not be asserted as defense in suit by district for taxes.

4. **Schools and school districts ⬳103(1)—Acceptance of office of tax assessor for independent school district, without formal qualification, held abandonment of prior office; "de facto officer."**

Where one appointed assessor of independent school district accepted duties thereof without formal qualification, *held* that he abandoned prior office, and was a de facto officer, whose acts in making up delinquent tax lists were legal; "de facto officer" being one where duties of office are exercised under color of known or valid appointment, but without conforming to some condition.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, De Facto Officer.]

5. **Officers ⬳43—Officer retaining office of emolument does not, by accepting appointment to second office without qualifying therein, become de facto officer in second office.**

One holding office of emolument, who has legally qualified and who continues to discharge duties, and is determined not to relinquish office, cannot, by accepting appointment to another such office and assuming, without qualifying therein, to discharge duties thereof, ac-

quire status of de facto incumbent of second office so as to render his acts valid even as to third persons and public.

6. **Officers ⬳67—De facto officer held subject to removal by direct action and without claim to personal benefit from office.**

A de facto officer is always subject to removal by direct action, and can claim no personal benefit or indemnity out of his incumbency.

7. **Officers ⬳104—Acts of de facto officers upheld as valid only till title to office is adjudged insufficient.**

Acts of de facto officers are upheld as valid only so far as they involve interests of public and third parties, and only until his title to office is adjudged insufficient.

8. **Officers ⬳63—When accepting and entering office considered abandonment of prior office stated.**

Acceptance of appointment to office of emolument and legal qualification to discharge duties, and entering on discharge without affirmative action by officer, operates as abandonment of prior office, and validity of his official acts in new office is not affected by former incumbency.

9. **Schools and school districts ⬳103(1) — Mere failure of tax officers of independent school districts to qualify does not render assessments made by them void.**

Mere failure of assessors and collectors of taxes in independent school districts to qualify does not render assessments made by them void.

10. **Evidence ⬳178(1)—Oral testimony that school trustees assessed taxes for named year held properly admitted.**

Where independent school district was unable to produce lost minute books as proof of its allegation that taxes were levied in named year in district, oral testimony that taxes were levied and assessed against property *held* properly admitted.

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Action by the Grandview Independent School District of Johnson County against H. W. Martin. Judgment for plaintiff, and defendant appeals. Affirmed.

D. W. Odell, of Fort Worth, and J. B. Haynes, of Cleburne, for appellant.

J. E. Warren and J. K. Russell, both of Cleburne, for appellee.

GALLAGHER, C. J. The Legislature in 1909 created the territory then embraced within the corporate limits of the city of Grandview into an independent school district. —— Gammel's Laws, p. —— (Loc. & Sp. Laws 1909, c. 44). The county board of school trustees of Johnson county, on August 1, 1917, at the instance and request of the board of trustees of said independent school district, by an order entered on the minutes of said board, added certain adjacent terri-

tory to said independent school district. Appellant, H. W. Martin, owned certain land subject to taxation for the year 1920, and situated within the territory so added. He failed to pay the school taxes assessed against the same for said year by said district. This suit was brought by appellee Grandview Independent School District to enforce the collection of said taxes. It resulted in judgment in favor of said district against appellant for the amount of said taxes with interest and penalty thereon, in the sum of $602, and a foreclosure of lien on the lands against which said taxes were assessed. Said judgment is before us for review on appeal.

[1] Appellant contends that the action of the county board of school trustees in enlarging the boundaries of the original district, as defined by the legislative act creating the same, was void, because no express authority therefor was given by the terms of said act. While the enlargement of the boundaries of said independent district appears to have been suggested and requested by the board of trustees thereof, such enlargement was the act of the county board of school trustees and not the act of the trustees of said district. There is nothing in the act creating said independent school district in terms exempting it from the operation of the general laws of the state. Such action of the board of school trustees seems to have been in accord with the provisions of the statutes. Complete Texas Statutes 1920, arts. 2866 and 2849f.

[2] The order of said county board so enlarging said boundaries recites the appearance before said board of the president of the board of trustees of appellee district, and declares that no objection was offered by the common school districts of said county affected by the change, that the territory included in said district after such enlargement would not exceed the statutory limit, and that such enlargement would be to the best interests of all concerned. Said independent school district was incorporated for school purposes only. The county board of school trustees had before it at the time a map or plat showing the territory embraced within the old district, and the territory embraced within the enlarged district as proposed, together with the proper field notes of the territory proposed to be added. It made the same a part of its order enlarging the boundaries of said district. Such action on its part was a valid exercise of the discretion and power conferred upon it by the statutes above referred to. Hooker v. State (Tex. Civ. App.) 197 S. W. 481 (writ refused Com. Judges); Hill County School Trustees v. Melton (Tex. Civ. App.) 199 S. W. 1142.

[3] Even if such action were irregular and voidable, it does not follow that appellant could urge the same as a defense to the cause of action asserted by appellee in this case. The order enlarging the boundaries of said

independent school district and embracing within the same the lands of appellant, was made August 1, 1917. It appears that the board of trustees for such district have claimed and exercised corporate authority over the added territory continuously since such time. The enlarged district being a quasi municipal corporation, organized and acting under color of law, its legality could only be determined by a suit brought for that purpose by the state or under its authority. Crabb v. Celeste Independent School District, 105 Tex. 194, 196, 197, 146 S. W. 528, 39 L. R. A. (N. S.) 601; City of Houston v. Little (Tex. Civ. App.) 244 S. W. 247, 255, 256 (writ refused), and authorities there cited. The issue here under consideration was in a different form involved in the case of Crabb v. Celeste Independent School District, supra. In that case the plaintiffs sought to have the order annexing their property to said school district declared void. The Supreme Court disposed of said issue as follows:

"It will be sufficient for the purpose of this opinion to state in a general way that the grounds upon which plaintiffs seek to rid the territory of their residence from its connection with the Celeste Independent School District, were certain irregularities in the method of annexation. This subject was fully discussed, and we think properly disposed of, by the Court of Civil Appeals, in its holding that under the pleadings and upon the evidence the additional territory was lawfully annexed. Crabb et al. v. Celeste Independent School District, 132 S. W. 890. By reason of this view it will not be necessary to discuss that feature of the case further than to suggest that since the Celeste Independent School District, a quasi municipal corporation, was acting under color of law its legality could only be determined by a suit brought for that purpose in the name of the state, or by some one under the authority of the state, who has a special interest affected by the existence of such corporation. Plaintiffs, in the capacity in which they sued, could not maintain a cause of action for the purpose of annulling the Independent School District. Brenham v. Bradshaw, 53 Texas, 337, 37 Am. Rep. 758; Graham v. City of Greenville, 67 Texas, 62; City of El Paso v. Ruckman, 92 Texas, 89."

[4, 5] The Legislature postponed the publication of delinquent tax notices and the bringing of suits for the collection of delinquent taxes for the year 1920 until after October 15, 1921. Gen. Laws 37th Leg. p. 3, c. 4.[1] In the fall of 1921, Mr. John Honea was duly appointed by the board of trustees of said district as assessor and collector of taxes therein. He accepted the position and entered upon the discharge of the duties thereof, and so continued until some time in the year 1922. He seems to have been recognized and accepted by the public as such officer. He never took the oath of office nor gave the bond required by law of such officers. In the course of the discharge of the duties of such office, he made a delinquent tax list for the

[1] Vernon's Ann. Civ. St. Supp. 1922, arts. 7687c, 7687d, 7387a.

year 1920, and delivered the same to the board of trustees, and, in connection therewith, he prepared, signed, and mailed to the appellant notice of the amount of such delinquent taxes and the land against which the same were assessed, as provided by article 7687a, Complete Texas Statutes 1920. Prior to the time Mr. Honea was appointed collector of said school district, he was appointed assessor and collector of taxes for the city of Grandview, and he was then engaged in the discharge of the duties of that office. He never took any oath of office or gave any bond as assessor and collector of taxes for said city. Appellant contends that the action of Mr. Honea in preparing such delinquent tax list and in giving such notice to appellant was void, because he was at the same time claiming to be assessor and collector of taxes for said city and discharging the duties of such office. Appellant cites in support of such contention the case of Odem v. Sinton Independent School District (Tex. Com. App.) 234 S. W. 1090. In said case, one Cellum was the duly elected, qualified, and acting collector of taxes for the city of Sinton. He was appointed by the board of school trustees to assess and collect taxes for said independent school district. He accepted the position and began to discharge the duties thereof. He knew that it was necessary, to become such officer, to take the official oath and give an official bond, but did not do so. Shortly after he began the discharge of the duties of the district office, the question arose whether he could hold such office without vacating the city office so held by him, and he had one of the trustees write to the Attorney General to ascertain whether he could hold both offices, and stated that if he could he would make bond, otherwise he would not do so. Upon being advised that the Attorney General had ruled that Cellum could not hold both offices at the same time, the board of trustees appointed Cellum's wife in his stead, reciting that it was unlawful for him to act as assessor and collector because he held another office. One of the trustees testified that such ruling was the reason Cellum did not give bond. Upon said facts, the court held that Cellum was not even a de facto officer of the school district, and that the assessments made by him were void, because he determined not to relinquish the office of assessor and collector of taxes for the city of Sinton, but "tenaciously" retained the same, and that his deliberate purpose in failing to take the oath and give bond as such district officer was to evade the constitutional provision against holding two separate offices at the same time. The court further held that the board of trustees countenanced such action, and to that extent connived at the same. Upon the authority of that case, in which the opinion was written by the Commission of Appeals, and of the case of Jenkins v. Autry, 256 S. W. 672–674, by the Court of Civil

266 S.W.—39

Appeals for the Seventh District, in which case a writ of error was refused by the Supreme Court, we consider it settled law in this state that one holding an office of emolument who has duly and legally qualified as such officer and who continues to discharge the duties of such office and is determined not to relinquish the same, cannot, by accepting appointment to another such office and assuming, without qualifying therein, to also discharge the duties thereof, acquire the status of a de facto incumbent of such second office, so as to render his actions therein valid even as to third parties and the public. Further than this we do not understand the Supreme Court, by approving the judgment recommended by the Commission of Appeals in said case of Odem v Sinton Independent School District, and by refusing writ of error in said case of Jenkins v. Autry, to have held.

A different case is presented here. Mr. Honea never qualified as assessor and collector of taxes for the city of Grandview It does not appear that the issue of holding two offices was ever raised, nor that his failure to qualify according to law as an officer of the school district resulted from anything but indifference on his part or neglect on the part of the board of trustees. He claimed unequivocally to be the tax collector of said school district, he was in possession of the office and discharged the duties thereof, and appears to have been generally recognized as such. He accepted the office of collector for the school district, and entered upon the discharge of the duties thereof subsequent to his assumption of the city office. Was he a de facto collector of taxes for the school district?

A de facto officer so far as the issues involved in this case are concerned, is defined as follows:

"A person is a de facto officer where the duties of the office are exercised: * * * Second. Under color of a known and valid appointment or election, but where the officer had failed to conform to some precedent, requirement, or condition, as to take an oath, give a bond or the like." 22 R. C. L. p. 588, § 306; 8 Am. & Eng. Ency. of Law (2d Ed.) pp. 781, 782.

The reason for the de facto doctrine is stated as follows:

"The de facto doctrine was introduced into the law as a matter of policy and necessity, to protect the interests of the public and individuals, where those interests were involved in the official acts of persons exercising the duties of an office without being lawful officers. It was seen that it would be unreasonable on all occasions to require the public to inquire into the title of an officer, or compel him to show title, especially since the public has neither the time nor the opportunity to investigate the title of the incumbent. But it should be noted that the legal doctrine as to de facto officers rests upon the principle of protection to the interests of the public and

third parties, and not on the rights of rival claimants. The law validates the acts of de facto officers as to the public and third persons, on the ground that though not officers de jure, they are in fact officers whose acts public policy requires should be considered valid." 22 R. C. L. p. 589, § 307.

[6, 7] A de facto officer is always subject to removal by direct action, and can claim no personal benefit or indemnity out of his incumbency of such office. 22 R. C. L. p. 589, § 308, and page 600, § 323. His acts are upheld as valid only so far as they involve the interests of the public and third parties, and only until his title to such office is adjudged insufficient. 22 R. C. L. p. 601, § 324.

[8] It is well settled in this state that acceptance of an appointment to an office of emolument and legal qualification in terms of law to discharge the duties of such office and entering upon the discharge of such duties will, without any affirmative action on the part of such officer, operate as an abandonment of any prior office held by him, and that the validity of his official acts in the new office is not affected by his former incumbency of the abandoned office. It also appears from the decisions that the question of abandonment of a prior office is under said circumstances one of law and not dependent on actual renunciation of claim thereto nor upon ceasing to act as such. State v Brinkerhoff, 66 Tex. 45, 46-48, 17 S. W 109; Beincourt v. Parker, 27 Tex. 558, 562, 563; Odem v. Sinton Independent School District, supra. In such cases the acceptance of the second office and legal qualification therein are acts of no greater dignity than the acceptance of the prior office and legal qualification therein. The former are given legal precedence merely because they are latest in point of time and are therefore held to constitute a conclusive election between the two constitutionally incompatible offices. The act of Mr. Honea in accepting the appointment as collector of taxes for the school district and entering in good faith upon the discharge of the duties of such office was of equal dignity with his acceptance of the office of assessor and collector for the city of Grandview, and proceeding to discharge the duties of such position, and was subsequent in point of time. Since acceptance of a subsequent office and legal qualification therein constitutes as a matter of law an abandonment of a prior office held de jure, we see no reason why the acceptance in good faith of a subsequent office and the discharge of the duties thereof, even without formal qualification, should not, in determining the validity of acts performed in the discharge of such duties, be held as a matter of law an abandonment of a prior constitutionally incompatible office held de facto only and not de jure. If so, Mr. Honea's status with reference to being de facto tax collector of the school district was not in any way affected by his continuing improperly or unlawfully to discharge the duties of the city office.

Should Mr. Honea, in the interest of the public and third parties, be held, in discharging the duties of tax collector of said district, to have been such officer de facto? He was appointed and entered upon the discharge of the duties of such office apparently at the beginning of the taxpaying period in 1921, and continued until the close thereof in 1922. He prepared the delinquent tax list, and in connection therewith prepared, signed, and mailed to such delinquents the official notices required by law. He was held out by the board of trustees as lawfully authorized to receive the district school taxes and to receipt therefor. He collected all the school taxes paid during such period. We must conclude that the several taxpayers relied on such apparent authority in making payment of their taxes to him. If he was not a de facto officer, the delivery of their money to him does not constitute a payment of their taxes and his receipts were not legal acquittances thereof. It does not appear that appellant failed to pay his school taxes without suit on account of any supposed deficiency in the official authority of Mr. Honea to prepare a list of delinquent taxpayers, and to prepare, sign, and mail notice and demand to him for the payment thereof. He does not so contend in his pleading, but there attacks the legality of the action of the county board of school trustees in enlarging the boundaries of said district so as to include his lands and the authority of the school board to levy such taxes, and charges that he was discriminated against and his property overvalued. The only way the issue here under consideration is raised by the pleadings in this case is that appellee alleged that the said delinquent list was prepared, and the said notice sent by its legally qualified officer, and appellant interposed a general denial to appellee's petition. If Mr. Honea was a de facto officer in collecting taxes from the several taxpayers of said school district who paid their taxes, he was such officer in preparing the delinquent list and preparing, signing, and mailing notices to such delinquents as provided by law. If his action was valid in one instance it was equally valid in the other. We think under the circumstances of this case he should be held such de facto officer of said school district, and we therefore overruled appellant's contention here considered.

[9] Appellant contends that the taxes sued for in this case were never legally assessed against him and his property. The taxes for the year 1920 were assessed by Mr. Webb Benson. He was regularly appointed by the school board to assess the school taxes for said district. He accepted the appointment and performed all the duties of assessor of taxes for that year. He held no other office at the time, and it does not appear that he was in any way disqualified to hold such of-

fice. He failed to take the oath or give the bond required of such officers by law. Mere failure to qualify by taking the oath and giving bond as required by law of assessors and collectors of taxes in independent school districts does not alone render the assessments made by such officer void. No other attack on such assessments was made. The facts shown constituted Mr. Benson the de facto assessor, and the assessments made by him were not invalidated by his failure to qualify according to law. Blewett v. Richardson Independent School District (Tex. Com. App.) 240 S. W. 529, 532.

[10] Appellant contends that the court erred in allowing appellee to prove by oral testimony that the trustees of said school district levied for the year 1920 the taxes assessed against appellant and his property and sued for herein. Appellee proved that the minute book in which the action of the board of trustees in issuing bonds and levying taxes in said district was entered during the year 1920 was lost, and the sufficiency of such proof is not questioned. The minutes of the board of trustees of an independent school district are primary proof of its proceedings. Such minutes do not in themselves constitute the action of the board sought to be proved. They are merely evidence of such action. Appellee, being unable to produce its minutes as proof of its allegation that said taxes were levied, was properly permitted to prove such action by parol. 22 C. J. p. 1013-4, § 1296. If, by inadvertence, the order of the board of trustees levying such taxes had never been entered on its minutes, we would not be prepared to hold a proper levy actually made for that reason alone invalid. Mecom v. Ford (Tex. Com. App.) 252 S. W. 491.

We have examined all of the points of law submitted by appellant as ground for reversal of the judgment against him. We are of the opinion that they are all without substantial merit, and they are all overruled, and the judgment of the trial court is affirmed.