**INDEPENDENT FARMERS' GIN CO. v. HANDER et al. (No. 154.)**

(Court of Civil Appeals of Texas. Waco. March 5, 1925.)

**1. Appeal and error ⧉⟶745—Only fundamental errors or those apparent of record considered, where assignments in brief were not filed in court below nor embraced in transcript.**

Where appellant's assignments of error in its brief were not filed in trial court, as required by Rev. St. art. 1612, nor embraced in transcript, as required by article 2113, and no motion for new trial, upon which same could be predicated, was filed, Court of Civil Appeals, under Supreme Court rules 23 and 28, will consider only such of plaintiff's assignments as present fundamental error or such errors, as signed or unassigned, as are apparent on face of record as provided by article 1607.

**2. Limitation of actions ⧉⟶100(7)—Notice to corporation that president was claiming credit for moneys withdrawn from bank held sufficient to start running of statute as to bank.**

In corporation's action against bank and latter's president, who was also plaintiff's president, for moneys alleged to have been wrongfully withdrawn by president for his own use with bank's knowledge, notice to plaintiff by report of auditing committee, which had considered canceled checks, and by president's report claiming credit therefor, was sufficient to start running of statute of limitations as to bank.

**3. Limitation of actions ⧉⟶199(2)—Refusal of peremptory charge not error, where reasonable minds might differ as to proof of defendant's fraud on issue of limitations.**

Where facts in evidence showed that cause of action against bank for money withdrawn by plaintiff's president for his own use was apparently barred by limitations and fraud, or deception of bank was not so certainly shown that reasonable minds might not differ, refusal of peremptory charge ·for plaintiff was not error.

**4. Appeal and error ⧉⟶773(4) — Judgment against defendant will be affirmed, where he filed no brief.**

Under rule 29, for Courts of Civil Appeals, where defendant filed no brief and plaintiff asked that judgment in its favor against defendant be affirmed, such judgment will be affirmed.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by the Independent Farmers' Gin Company against A. E. Hander and the Farmers' State Bank of Perry. From a judgment for plaintiff as against defendant Hander, the latter appeals; and from the judgment for defendant Bank, as against plaintiff, plaintiff appeals. Affirmed.

Ben H. Rice, Jr., of Marlin, ·for appellant. J. W. Spivey, of Waco, for appellees.

GALLAGHER, C. J. The parties will be designated as in the trial court. The plaintiff, Independent Farmers' Gin Company, a corporation, sued defendants A. E. Hander and Farmers' State Bank of Perry to recover the sum of $2,360. Other sums were claimed against the defendant Hander alone, but they were not recovered and are not involved in this appeal. Defendant Hander was alleged to have been, at the time the alleged cause of action accrued, the secretary and treasurer of plaintiff corporation and the president and sole manager of the defendant bank. Plaintiff alleged that defendant Hander drew said moneys from said bank and applied the same to his own use, and that said bank, knowing his wrongful purpose, permitted him to do so. Both defendants pleaded the statute of limitation of two years.

The case was tried before a jury. The court submitted certain questions affecting the issue of limitation between plaintiff and the defendant Hander. These questions were answered in favor of the plaintiff. The plaintiff requested the court to instruct the jury peremptorily to return a verdict in its favor against the bank, which request was refused. No issues between plaintiff and defendant bank were submitted, to the jury. The court rendered judgment in favor of plaintiff against defendant Hander for the sum of $2,330, and in favor of the defendant bank that plaintiff take nothing by its suit against said bank. Plaintiff appealed from the judgment against it in favor of said bank, and defendant Hander appealed from the judgment against him in favor of plaintiff.

[1] Defendant bank objects to the consid-

⧉⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

eration of the assignments of error presented by plaintiff in its brief because the same were not filed in the trial court nor embraced in the transcript, and because no motion for a new trial, upon which the same could be predicated, was filed. The statute provides that all asssignments of error on appeal shall be filed with the clerk of the court below before the transcript is taken out, but further provides that, where a motion for a new trial has been filed, the assignments therein shall constitute the assignments of error and need not be repeated. R. S. art. 1612. The statute further requires that a transcript shall in all cases, among other requirements, contain a copy of the assignments of error. R. S. art. 2113. The rules prescribed by our Supreme Court governing procedure in Courts of Civil Appeals provide that, if the transcript does not contain an assignment of errors as required by the statute, the court shall not consider any error but one of law that may be apparent on the face of the record, and that no assignments of error shall be allowed in the appellate court when none were filed in the lower court, unless by consent of the parties. Rules 23 and 28. The defendant bank has invoked the enforcement of said statutes and rules and in such cases it is our duty to conform thereto and to consider only such, if any, of plaintiff's assignments as present fundamental error, or such errors, assigned or unassigned, as may be apparent upon the face of the record. R. S. art. 1607; Lewis v. Steiner, 84 Tex. 364, 19 S. W. 516; Stephens v. Turley (Tex. Civ. App.) 131 S. W. 848 (writ refused); Hooker v. State (Tex. Civ. App.) 197 S. W. 481; Lee v. Zielinski (Tex. Civ. App.) 197 S. W. 327; Carrera v. Hines (Tex. Civ. App.) 246 S. W. 1057; Rector v. Continental Bank & Trust Co. (Tex. Civ. App.) 180 S. W. 309.

The only assignment found in plaintiff's brief which in any degree of plausibility could be contended to present fundamental error is the one complaining of the refusal of the court to instruct the jury to return a verdict in its favor against the bank. The question of what constitutes fundamental error was considered by our Supreme Court in the case of Houston Oil Co. v. Kimball, 103 Tex. 103, 104, 122 S. W. 533, 124 S. W. 85. In that case the trial court had instructed the jury to find for plaintiffs for the land sued for, unless they should find for defendants on their plea of three years limitation. The assignment of error complaining of said charge was presented for the first time in the Court of Civil Appeals. In discussing whether said assignment should have been considered by the Court of Civil Appeals, and whether the same could be properly considered by the Supreme Court on writ of error, that court, speaking through Mr. Justice Brown, said:

"Webster defines the word, 'apparent,' thus: 'Clear, or manifest to the understanding; plain;

evident; obvious; appearing to the eye, or mind.' This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment, for that would include every error which can be considered at all. Nothing can be considered as an error which cannot be made apparent by an examination of the record; therefore the language of the statute must be given that construction which will make it consistent with its requirements in other respects. The language, 'apparent upon the face of the record,' indicates that it is to be seen upon looking at the face of the record, that is, the assignment itself, the fact pointed out by it must show a good and sufficient ground for the court to interfere to prevent injustice being done to one of the parties. Perhaps the best expression is that it must be a fundamental error, such error, as being readily seen, lies at the base and foundation of the proceeding and affects the judgment necessarily."

This language is quoted with approval by the Supreme Court in the later case of Oar v. Davis, 105 Tex. 479, 484–486, 151 S. W. 794. See, also, Roberson v. Hughes (Tex. Com. App.) 231 S. W. 734, 735, 736.

There are, however, a number of cases holding that a complaint of the giving or refusing of a peremptory instruction presents a question of fundamental error which may be reviewed though not assigned. Harlington Land & Water Co. v. Houston Motor Car Co. (Tex. Com. App.) 209 S. W. 145, 146; Hovey v. Sanders (Tex. Civ. App.) 174 S. W. 1025, 1026 (writ refused); Palm v. Nunn (Tex. Civ. App.) 203 S. W. 1124 (writ refused); Rowe v. Colorado & S. R. Co. (Tex. Civ. App.) 205 S. W. 731 (writ refused); First State Bank & Trust Co. v. Southwestern Engineering & Construction Co. (Tex. Civ. App.) 170 S. W. 860, 861; Ruth v. Cobe (Tex. Civ. App.) 165 S. W. 530, 531; Hough v. Fink (Tex. Civ. App.) 141 S. W. 147, 151.

[2, 3] We are unable to distinguish this case from the case of Houston Oil Co. v. Kimball, supra, from which we have quoted. In deference, however, to the line of authorities last cited, we have examined the facts to determine whether the court erred in refusing plaintiff's request for a peremptory charge. Plaintiff, in its brief, limits its prayer for relief in this court to the specific $2,000 embraced in the amount sued for. The evidence shows without material contradiction that this sum of money was drawn from defendant bank by defendant Hander in February, 1921; that the same was drawn on two checks for $1,000 each, signed by said Hander as secretary and treasurer of the plaintiff; that he had authority to draw checks on plaintiff's account in said bank; that said account was balanced and said checks returned to plaintiff, and credit claimed by the bank therefor on or prior to March, 1921; that said checks were examined and considered by the plaintiff's auditing committee in connection with the annual report

of said Hander submitted at the meeting of the stockholders of plaintiff in March, 1921; and that plaintiff had notice that said defendant bank had paid out said money thereon and was claiming credit therefor. These facts were sufficient to put the statute of limitation to running. First State Bank v. Shannon (Tex. Civ. App.) 159 S. W. 398, 401 (writ refused); Arnold v. Penn, 11 Tex. Civ. App. 325, 32. S. W. 353; Talcott v. First Nat. Bank, 53 Kan. 480, 36 P. 1066, 24 L. R. A. 737, and note.

Suit was not filed until April 24, 1923. The cause of action was therefore apparently barred by limitation as pleaded by defendant bank. The evidence tends to show that, while the plaintiff knew that said money had been paid out by defendant bank on said two checks, it did not know that defendant Hander had received the same and appropriated the same to his own use as salary claimed to be due him by plaintiff, and plaintiff sought to avoid the bar of limitation by pleading that it was prevented from discovering such fact by fraud and deception practiced upon it by defendant bank. We have examined all the facts in evidence, and have reached the conclusion that, if they raise the issue so pleaded, they cannot be held to show fraud or deception on the part of defendant bank with such certainty that reasonable minds could not differ as to the effect thereof, and that the court did not err in refusing a peremptory charge. Since our holding would necessarily be the same in either event, it is unnecessary to determine whether plaintiff's complaint of the refusal of said charge presents a matter of fundamental error or not.

[4] The defendant Hander has filed no brief in this court. Plaintiff asks in its brief that the judgment in its favor against said defendant be affirmed. Such action by this court is authorized by rule 39 for Courts of Civil Appeals. The judgment of the trial court in favor of the plaintiff against the defendant Hander and against plaintiff in favor of the defendant bank is affirmed.

BARCUS, J., took no part in the decision of this case.