## FRENCH v. HILL.

### No. 2965.

Court of Civil Appeals of Texas. El Paso.
March 15, 1934.

R. M. A. Dolan, of El Paso, for plaintiff in error.

H. A. Van Tassel and John T. Hill, both of El Paso, for defendant in error.

HIGGINS, Justice.

■ The record contains no statement of facts. Briefs have not been filed by plaintiff in error. Defendant in error has filed brief and orally argued the case upon submission. In the absence of brief by plaintiff in error we are limited to the consideration of fundamental errors, if any.

The suit was filed June 28, 1932, by defendant in error, Hill, against the plaintiff in error, French. The parties will be designated as they were in the trial court. The suit was to recover the sum of $1,000 alleged to be a reasonable attorney's fee for legal services rendered by plaintiff to defendant during the preceding twelve years "due and owing upon demand." Defendant answered by general and special exception, general denial, and special pleas of payment and two-year statute of limitations. The special exception complained of the generality of the petition and to meet such exception plaintiff filed a supplemental petition in substance setting up that the sum sued for was for attorney's fees in three suits filed by plaintiff for defendant in the district court of El Paso county, describing such suits, which suits are still pending. The supplemental petition further avers that the fees in said cases "became due on demand during said litigation" and demand for adjustment and settlement had been made within two years preceding the filing of the suit.

The case was submitted upon special issues.

In response to the first three issues the fees were fixed as follows:

In suit No. 11997, at $600; in suit No. 22919, at $150; in suit No. 23733, at $100.

In response to question 4, it was found that it was understood between the parties the services of plaintiff "were to be paid for on the entry of final judgment in said causes."

In answer to question 5, it was found plaintiff's fees "were to be due by the defendant on demand."

Question 6 called upon the jury to "give the approximate date of such demands on the defendant, William French, if you find there were any demands made."

This was answered "about one year or more ago."

In answer to question 7 it was found defendant was entitled to credits of $100 paid December 31, 1920, and $50 paid on or about November 23, 1923.

On December 10, 1932, judgment was rendered upon these findings in plaintiff's favor for $700.

The petition alleges the employment in suit No. 19997 was in 1920. It does not appear when the plaintiff was employed in the other two suits.

■ Money payable on demand is ordinarily regarded as payable immediately and no demand is necessary to start the running of the statute of limitations.

■ But if, under the terms of the contract or the relationship between the parties, demand for payment is an integral part of a cause of action upon an obligation to pay, or a condition precedent to the right to sue, the statute does not begin to run until a demand is made, unless demand is waived or is unreasonably delayed. 28 Tex. Jur., title, Limitation of Actions, §§ 57, 58, 59; Cavitt v. Amsler (Tex. Civ. App.) 242 S. W. 246; Arnold v. Penn, 11 Tex. Civ. App. 325, 32 S. W.

353; Yeaman v. Galveston City Co., 106 Tex. 389, 167 S. W. 710, Ann. Cas. 1917E, 191; Clements v. Lee, 8 Tex. 374; 37 C. J. p. 957, § 331.

It is evident the plaintiff's pleading is drawn in an effort to bring his case within the last stated rule. No opinion is expressed by us as to its sufficiency in that respect.

■■■ Findings 4, 5, and 6 are upon the issue of limitations. The plaintiff's petition shows the suits are still pending and the fourth finding is that the fees were to be paid on the entry of final judgment in the suits. According to this finding the fees sued for are not yet payable and there has been no breach by defendant of his obligation to pay. Defendant's time for performance of his obligation to pay has not expired and plaintiff's action is not maintainable. 1 Tex. Jur., title, Actions, § 67, and cases there cited.

On the other hand the fifth finding is the fees were payable on demand and the sixth finding shows demand "about one year or more ago." These findings show plaintiff's cause of action had accrued prior to the filing of the suit and a right to maintain the suit. The findings mentioned are in obvious conflict. Conflicting findings, upon material issues presented by the pleadings, cannot form the proper basis for judgment.

Furthermore, the sixth finding is too indefinite to decide the issue of limitations. It is impossible to determine from the finding whether the demand had been made within two years prior to the filing of the suit.

The insufficiency of the findings to support the judgment is apparent upon the face of the record and the error in rendering judgment upon such findings is fundamental.

Reversed and remanded.