## HILL COUNTY SCHOOL TRUSTEES v. MELTON et al. (No. 7994.)

(Court of Civil Appeals of Texas. Dallas. Dec. 22, 1917. Rehearing Denied Jan. 19, 1918.)

1. SCHOOLS AND SCHOOL DISTRICTS ⬅️37(3)—BOUNDARIES—CHANGE.

Under Rev. St. 1911, art. 2866, providing that the commissioners' court of any county may change the boundaries of any independent school district when in its judgment the public good demands it, providing that proper notification be given, it is not necessary for any petition to be presented to the board of trustees for the county, but it is authorized to act on its own initiative for the public good.

2. SCHOOLS AND SCHOOL DISTRICTS ⬅️36—CHANGE OF BOUNDARIES—POWERS.

Under Acts 34th Leg. c. 36, taking management of public schools out of the hands of the county commissioners and placing it in the hands of five trustees to be elected by the people, vesting all the powers of the county commissioners in such county trustees, the trustees became vested with the power of the commissioners' court to change the boundaries of any independent school district and to consolidate two or more districts, under Rev. St. 1911, art. 2816.

3. SCHOOLS AND SCHOOL DISTRICTS ⬅️37(3)—CHANGE OF BOUNDARIES—STATUTES.

Rev. St. 1911, art. 2865, provides that, when the trustees of an independent school district desire to attach a part of its territory, it must have a petition of the majority of the qualified voters for members of the Legislature living in the part of the district to be affected before the trustees can act. Article 2866 gives the commissioners' court of any county authority to change the boundaries of any independent school district when in its judgment the public good demands it upon proper notification. *Held*, that the powers granted in these two articles are different in that the former article requires a petition of the qualified voters of the territory to be annexed.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Petition by G. S. Melton and others against the Hill County School Trustees and others for a writ of mandamus and to restrain the execution of certain orders. Judgment for petitioners, and respondents named appeal. Reversed and rendered.

M. S. Wood, of Itasca, and Collins, Morrow & Morrow, of Hillsboro, for appellant.

J. Webb Stollenwerck, J. D. Abney, and R. M. Vaughan, all of Hillsboro, for appellees.

RAINEY, C. J. This suit was brought by appellees, trustees of the Salem common school district No. 18, against the trustees of the Savage common school district and the board of trustees of Hill county and the trustees of the Irene independent school district in said county, seeking a writ of mandamus requiring the county board of school trustees to set aside and annul certain orders made by it on the 13th day of April and on the 4th of May, 1917, abolishing the Salem district and attaching its territory to said Irene and Savage districts, and also praying for a writ of injunction restraining appellants from executing said orders, and for judgment canceling and rescinding said orders. Upon hearing before the court without a jury judgment was rendered as prayed for against the appellants, from which this appeal is taken.

The facts are that on April 13, 1917, the board of school trustees of Hill county met and passed an order abolishing said Salem common school district, and attached a part of its territory to the Savage common school district, and the remaining portion to the Irene independent school district, said order reciting, "It appearing to the board that the good of the public would be best served by so detaching the hereinafter described territory from Salem common school district and attaching same," naming the territory by metes and bounds, attached to each of the other two respective districts.

Afterwards the trustees of Salem district filed with the county school board a remonstrance against the abolishing of said district and asking that said order of April 13th be set aside and a rehearing be granted. The county school trustees met in session on May 4, 1917, when said remonstrance was presented, and the county board proceeded to hear same, and reaffirmed the order of April 13th. It was recited in said order:

"That it is to the interest of the children residing in said Salem school district No. 18 * * * that it be so divided and attached to the other districts, and that it is to the interest of the children and to the interest of the public education that said school district No. 18 be abolished and the territory thereof be divided and added," as set forth.

It further recited:

"The board finds further that since its action of April 13, 1917, a petition was signed by a majority of the legally qualified voters residing within that portion of the territory added to the Irene independent school district by this board duly verified by an affidavit of three of said voters, together with a description of said territory, was presented to the president of the board of trustees of the Irene independent school district, whereby said board was petitioned to receive and annex said territory to be and become a part of the Irene independent school district as provided by section 212 of the school law,

and that the board of trustees of the Irene independent school district considered said petition and approved the same and adopted a resolution annexing the territory described in said petition to the Irene independent school district, and that thereafter the said resolution was duly certified and filed. for record in the deed records of Hill county, Tex., as provided by law, and the board further finds that the territory so annexed by said board of trustees of the Irene independent school district was the identical territory annexed by order of this board on April 13,,1917, and that after said territory was added to 'the said Irene independent school district the area thereof was not increased so that the same would exceed 25 square miles."

After the matter was reopened the school board heard evidence offered on the part of all parties and argument of counsel on both sides, and, after duly considering said evidence and argument, concluded as stated in the order of May 4th. Both orders, as shown by the record, were approved and signed by the president of the board, W. T. Lofland. Salem school district always contained less than nine square miles, after part of it in 1904 was detached and added to Irene school district No. 104. The Salem district is contiguous to the Irene and Savage districts, lying between them.

The said orders of April 13th and May 4th were attacked in the district court as null and void, and were so held by said court for the reasons:

(1) Because the trustees of Irene independent school district were not authorized by law to deprive Salem common school district of part of its territory, reducing it below nine square miles, and therefore the order was void. The transcript does not show definitely what the proceedings of the Irene board were on May 3, 1917, nor upon them acted, but assuming that action was taken by it, as stated, on May 3d, we think it immaterial, as it does not affect the decision of this case, as the board of school trustees of Hill county on April 13th had met and abolished said Salem district, and on May 4th reopened said order of the 13th and heard the whole matter and reaffirmed said order of April 13th which abolished and attached said territory to the Irene district.

(2) The trial court held said order of April 13th and May 4th void because it was not done on the petition of a majority of the qualified voters for members of the Legislature residing in the territory of the Salem district, and therefore had acquired no jurisdiction to act in the premises.

(3) Because the order of April 13th was set aside by the order of May 4th, and was not reviewed or reinstated by the order of May 4th; that said order was not made by said board of trustees for Hill county, but said board attempted to delegate its authority to one M. S. Wood, who was not a member of said board, and, as the order prepared by said M. S. Wood was never approved by said county school trustees of Hill county, same was and is a void act in so far as attempted

to be asserted as a legal and binding act and order on the part of the common school district No. 18, which was not by such proceedings abolished,' or its territory added to Irene independent school district and the Savage common school district attempted to be attached by said order.

All of the conclusions of law and fact found by the trial court are attacked by the appellants as incorrect on the ground that the board of trustees was authorized to abolish said Salem district and attach the territory to the Savage and Irene districts without any petition by the inhabitants of either district. In this contention we concur. It is true, by article 2865, R. S. 1911, when the trustees of an independent school district desire to attach a part of an adjoining common school district as part of its territory, before doing so it must have a petition of the majority of the qualified voters for members of the Legislature living in the part of the district desiring to be attached signed thereto before the trustees can act. But by article 2866 a different proceeding is provided, said article reading as follows:

"The commissioners' court of any county shall have the authority to change the boundaries of any independent district situated in said county, when in the judgment of said court the public good demands such change: Provided, that, before any change is made in the boundary lines of any independent district, the president of the board of trustees of the independent district to be affected by the proposed change shall be notified, and said board of trustees shall have the right to be heard in case there is opposition to the change; provided, further, that this provision shall apply only to school districts incorporated for school purposes only; and, provided, further, that no change shall be made that would reduce the total value of taxable property in any independent district against which there are outstanding bonds legally issued."

[1] By the last article it is not necessary for any petition to be presented to the board of trustees for the county, but it is authorized to act on its own initiative for the public good.

[2] By the act of the Thirty-Fourth Legislature of March 5, 1915 (chapter 36), management of public schools was taken out of the hands of the county commissioners and placed in the hands of five trustees to be elected by the people. This act provides that all the powers heretofore vested in the county commissioners should be vested in said county trustees. This being so, said board of school trustees became vested with the power of the commissioners' court to change·the boundaries of any independent district, to change district lines, "to redistrict a part or all of said county; and they may at any time consolidate two or more adjacent school districts, or may subdivide any school district or districts." Article 2816, R. S. 1911.

[3] The powers granted in articles 2865 and 2866 are different. In article 2865 the proceeding requiring a petition of the qualified voters of the territory to be annexed applies to the action of the board of trustees

of an independent district, while in the second it is different, and the proceeding required is that the board of county school trustees are authorized to make changes when in their judgment the public good demands it, provided notice is given to the trustees of said independent district and if opposition is made a hearing to be had.

At the meeting of the board of school trustees of Hill county held on May 4, 1917, the matter of dividing the Salem district and attaching its territory to the Savage and Irene districts was reopened, and the trustees of the three districts were present, and all that desired hearing were heard, and the matter was thoroughly considered, and the board decided that it was for the public good that the change should be made.

There is no contention by appellees that the action of the board was not for the best interest of public education in so making the changes. It is evident that the board acted according to their best judgment in the matter, and that matter cannot be reviewed in this case, as there is no allegation that said action of the Hill county board was not beneficial or for the good of public education. We see no material error in the proceeding of the board, and conclude that the trial court erred, and judgment will be reversed, and judgment rendered sustaining the action of the board of school trustees of Hill county.

Reversed and rendered.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes