## BERRY et al. v. COUNTY BOARD OF SCHOOL TRUSTEES OF OCHIL-TREE COUNTY.

### No. 3551.

Court of Civil Appeals of Texas. Amarillo.

Sept. 16, 1931.

Jos. H. Aynesworth, of Stinnett, for appellants.

R. T. Correll, of Perryton, for appellee.

JACKSON, J.

P. M. Berry and M. R. Stowe, as plaintiffs, for themselves and others, instituted this proceeding in the district court of Ochiltree county, Tex., against the defendants, the members of the board of county school trustees, for the purpose of having the court set aside a ruling of said board holding that the county school trustees were without jurisdiction on the application presented to them to detach certain territory from the Perryton independent school district and create therefrom the Waka independent school district.

The plaintiffs alleged: That the Perryton independent school district is duly and legally incorporated and contains 457 sections of land and has a board of seven trustees. That plaintiffs and each of the other parties signing the application invoking the action of the county school board were resident citizens and qualified property tax paying voters of the Perryton independent school district and resided in and adjacent to the town or village of Waka. That said citizens, by an application in writing, petitioned the Perryton independent school district to detach from its territory 63½ sections of land and allow the county school board of Ochiltree county to change the boundary line of said Perryton independent school district, detaching said 63½ sections of land and creating therefrom the Waka independent school district. That no agreement was reached between the plaintiffs and those they represent and the trustees of the Perryton independent school district as to the detaching of said territory and the creation of the proposed Waka independent school district relative to the territory to be detached, the location of the boundary line, or the indebtedness, if any, of the Perryton independent school district to be assumed by the proposed Waka independent school district. That an appeal was taken to the county board of school trustees of Ochiltree county, the petition filed with said county board, and, after due and legal notice, a hearing was had by the county board with all parties present and represented by counsel, and, after due consideration of the petition presented by the applicants for the creation of the proposed district, the county school board concluded that it was without jurisdiction to hear and determine the matter, and entered its judgment and conclusion holding that it was without jurisdiction to detach the territory and create therefrom the proposed district. A copy of the petition presented by the applicants is attached to and made a part of the plaintiffs' petition. That the plaintiffs excepted to the action of the county school board and within five days from the date thereof gave notice that they would appeal from the decision of said board to the district court of Ochiltree county, which appeal they duly prosecuted, seeking to have the ruling of the county board of school trustees set aside, their petition heard upon its merits, the necessities for the creation of a new district determined, that the territory as requested be detached from the Perryton independent school district and incorporated into and known as the Waka independent school district, that the court name a board of seven trustees to act for the proposed new district, and that plaintiffs have all the relief prayed for and to which they are entitled.

To the petition in district court the plaintiffs attached and made a part thereof a copy of the written application presented to the trustees of the Perryton independent school district and to the county board of school trustees of Ochiltree county.

The application discloses: That the county board of trustees was requested to detach 63½ sections of land from the Perryton independent school district and create therefrom the proposed Waka independent school district. That the reason such action was sought was because of the distance from the places of residence of the applicants to the town of Perryton, where the only standard high school was maintained in the Perryton independent school district; such distance making it practically impossible to transport the children of the applicants to such high school. That the proposed district will have

personal and real property of the approximate value of $1,200,000 within its limits subject to taxation. That they have approximately 100 scholastic population within the territory proposed to be detached that will be entitled to participate in the state and county school fund, and with the amount thus obtained the resources of the territory will be sufficient to support the Waka independent school district. That they are not obtaining under the present conditions the school facilities to which they are entitled. That the equipment and buildings now provided are insufficient, for which reason they should not be obligated, if the proposed district is created, to discharge any of the outstanding bonded indebtedness of the Perryton independent school district.

The defendants answered by general demurrer and so-called special exceptions, which are, in effect, but an elaboration of the general demurrer attacking the sufficiency of the plaintiffs' petition, because it shows on its face that the territory sought to be detached is in excess of 10 per cent. of the total area of the Perryton independent school district; that the petition presented to the County Board of School Trustees was not signed by any member of the board of trustees of the Perryton independent school district; that the petition does not allege or show that a majority of the voters of the territory proposed to be detached signed the petition; and that in any event the court is without jurisdiction to grant any relief further than hold that the county board of school trustees had the authority to give plaintiffs the relief sought.

On a hearing before the court the defendants' demurrers were sustained, and, the plaintiffs refusing to amend, judgment was entered dismissing their case, from which judgment this appeal is prosecuted, and the appellants, by proper assignments, present as error the action of the trial court in sustaining the demurrers to their petition.

The Courts of Civil Appeals are apparently not in harmony in the construction placed upon the statutes in effect at the time this proceeding was had relative to the authority of the county board of school trustees to create independent school districts.

We are inclined to agree with the views expressed in Baker et al. v. State et al., by Associate Justice Smith of the San Antonio Court, reported in 26 S.W.(2d) 324.

We observe that a writ of error was granted in the case, but, in the opinion by Judge Critz of the Commission of Appeals disposing of the case, reported in 40 S.W.(2d) 41, the Commission of Appeals declined to express an opinion on the power of the county board of school trustees with reference to independent school districts after they are incorporated.

The Act of the Forty-First Legislature (1929), 1st Called Sess., page 106, c. 47, of the General and Special Laws was amended at the Regular Session of the Forty-Second Legislature (1931), page 235, c. 140, of the Acts, by adding section 1a (Vernon's Ann. Civ. St. art. 2742f, § 1a), reading as follows: "The County Board of Trustees, upon receipt of the petition herein prescribed and when the educational needs of the county necessitate such action, may detach from any district, common or independent, or any such contiguous districts, whether created by General or Special Law, territory to be incorporated into a new common school or independent school district; provided that before the County Board may pass an order detaching the said territory and incorporating the said district, notice of such proposed action must be given in writing to the officers of the Board of Trustees of each district whose area would be affected by the said transfer of territory, and an opportunity to be heard on the proposed change be afforded the officers of such district; and provided further that no district shall be reduced below an area of nine (9) square miles, or any district created with an area of less than nine (9) square miles and sufficient taxable valuations to support an efficient school system. In the event the territory to be detached from any district exceeds ten per cent. (10%) of the total area of the said district, the County Board of Trustees must have, in addition to the petition prescribed herein, the written approval of the proposed detachment of territory by a majority of the Board of Trustees of said district."

This amendment by the Forty-Second Legislature tends to show that the former laws, as interpreted by the Legislature, did not authorize the county board of school trustees to create independent school districts by detaching from an existing independent district certain territory and creating therefrom an additional independent school district. This construction by the lawmakers, while not controlling, is entitled to great weight in construing the former laws. Stephens County v. Hefner, 118 Tex. 397, 16 S.W.(2d) 804.

We deem it unnecessary, however, to base our holding in this case on such interpretation, because the plaintiffs' petition shows affirmatively that they sought to detach more than 10 per cent. of the territory of the independent school district and have the county school board create therefrom the Waka independent school district, and they failed to allege or show, according to this record, that any of the trustees of the Perryton independent school district signed the petition presented to the county school board and failed to allege or show that a majority of the qualified voters of the territory proposed to be detached signed the application.

If the county board, under the law as it existed at the time this proceeding was had, was authorized to grant the appellants the relief they sought, appellants would have been required to have complied with the provisions of the statutes requiring them to show that a majority of the school board of the Perryton independent school district signed the application for detaching the territory and that a majority of the qualified voters residing in the territory proposed to be detached signed the petition on which it was sought to invoke the jurisdiction of the county school board.

The judgment is affirmed.