## TILLERY et al. v. TOWN OF McLEAN.
### No. 3742.

Court of Civil Appeals of Texas. Amarillo. Feb. 24, 1932.

Penix & Penix, of Wichita Falls, for appellants.

Calhoun & Thompson, of Amarillo, for appellee.

JACKSON, J.

This is an appeal from a judgment obtained by appellee in the district court of Gray county, Tex., permanently enjoining the appellants, A. J. Tillery and D. A. Upham, from charging their customers in the town of McLean more than 30 cents per 1,000 for the first 30,000 cubic feet of gas furnished for domestic purposes, and from charging more than 25 cents per 1,000 for all gas furnished in excess of 30,000 cubic feet; also enjoining the appellants from charging the McLean independent school district more than 25 cents per 1,000 for the first 30,000 cubic feet of gas furnished and from charging in excess of 20 cents per 1,000 for all gas furnished said school in excess of 30,000 cubic feet.

As grounds for the injunctive relief, the appellee alleges: That it is a municipal corporation with less than 2,000 inhabitants, and is incorporated under the general laws of the state of Texas. That about December 28, 1926, the appellee legally enacted a franchise ordinance, No. 42, conferring on the grantees therein and their successors, the privilege of furnishing appellee and its inhabitants with natural gas for light, heat, fuel, and power purposes. That, for the consideration and upon the conditions stipulated in said ordinance, the grantees and their successors accepted the franchise, installed the necessary equipment, and began furnishing gas to the appellee and its inhabitants under said ordinance. That said ordinance does not stipulate a fixed rate for any definite time that the owners thereof may charge its customers for gas. A copy of Ordinance No. 42 is attached to and made a part of appellee's petition.

The appellee alleges: That on and prior to December 12, 1930, appellants were the owners of said franchise and were charging 50 cents for each 1,000 cubic feet of gas furnished for domestic purposes and 25 cents for each 1,000 cubic feet furnished for the McLean independent school district, and such rates were unfair, unjust, and unreasonable. That on or about said December 12, 1930, the appellee lawfully enacted Ordinance No. 44, reducing the rate the appellants were permitted to charge for gas for domestic purposes and the rate to be charged the McLean independent school district. The reduced rate provided for in Ordinance No. 44 is pleaded in detail, and a copy of such ordinance is attached to and made a part of appellee's petition. That the appellants were operating under the trade-name of McLean Gas Company as a public utility, and were required to charge just and reasonable rates.

That they have refused to recognize the reduction made in the gas rate by Ordinance No. 44 and refused to accept from their patrons the rate provided for in said ordinance, and are threatening to disconnect and will disconnect all their patrons who do not pay the rate they were charging prior to the passage of said Ordinance No. 44. That appellee and its inhabitants have no other source from which they can obtain gas, and, unless appellants are restrained, they will disconnect their patrons and refuse to furnish them gas at the reduced rate, to the irreparable injury of said patrons and for which neither appellee nor its inhabitants have any adequate remedy at law.

The appellants answered by plea in abatement, general demurrer, numerous special exceptions, conceded that appellee is a municipal corporation with less than 2,000 inhabitants, incorporated under the general laws of the state of Texas; admitted the ownership of the franchise, the furnishing of gas thereunder; denied the equities of appellee's bill; alleged that the statutes provide an adequate remedy at law, and challenged the authority of the appellee to regulate by ordinance the rates they were to charge for gas and the authority of the court under this proceeding to grant the relief sought by appellee.

The record discloses:

"That Ordinance No. 42, as enacted, so far as necessary to a disposition of this appeal, provides that the grantees and their successors "shall be entitled to charge and collect under the terms of this ordinance, the following rates for all gas sold to the City of McLean and its inhabitants:

"(a) The net rate for natural or artificial gas sold and used for domestic purposes, other than minimum monthly bills, shall not exceed 60 cents per 1,000 cubic feet of gas, exclusive of penalty, provided that when there are as many as 250 connections the rate shall be reduced to 55 cents per 1,000 cubic feet, and when the number has been increased to a total of 400 connections or over, the rate shall be further reduced to a 50 cent per 1,000 cubic feet, special exceptions shall be granted, that, the McLean Independent School shall enjoy a rate not to exceed 25 cents per 1,000 cubic feet for gas furnished in City of McLean, Texas."

That ordinance No. 44, which is an amendment of Ordinance No. 42, as enacted December 12, 1930, is as follows:

"That the net rate for natural gas sold and used for domestic purposes, other than minimum monthly bills, shall not exceed 30 cents per 1,000 cubic feet of gas, exclusive of penalty for the first thirty thousand feet of gas and 25 cents per thousand cubic feet for all gas over this amount of thirty thousand cubic feet.

"The rate for gas to the McLean Independent School shall be 25 cents per 1,000 cubic feet for the first 30,000 feet and twenty cents for all gas in excess thereof, and the bill for gas in all schools shall be billed on one statement and one billing as though used through one meter, the reason for this being that the public is one customer in fact."

Ordinance No. 44 by which the appellee undertook to reduce the rates charged by appellants, was passed December 12, 1930. The judgment from which this appeal is prosecuted was entered June 18, 1931.

It is conceded that the town of McLean, the appellee, is a municipal corporation, incorporated under the general laws of the state and has fewer than 2,000 inhabitants. It is the settled law that the power to regulate rates charged by a public utility is inherent in the state. Fink v. City of Clarendon (Tex. Civ. App.) 282 S. W. 912, 913 and authorities cited.

Judge Cureton, speaking for the Supreme Court in Foster et al. v. City of Waco et al., 113 Tex. 352, 255 S. W. 1104, 1105, says: "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident, to the powers expressly granted; third, those essential to the accomplishment of the declared objects and purposes of the corporation—not simply convenient, but indispensable. Any fair, reasonable, substantial doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied. Of every municipal corporation the charter or statute by which it is created is its organic act. Neither the corporation nor its officers can do any act, or make any contract, or incur any liability, not authorized thereby, or by some legislative act applicable thereto. All acts beyond the scope of the powers granted are void." Citing authorities.

In 1907 the Legislature passed the law contained in article 1119, R. C. S. 1925, which is, in part, as follows: "The governing body of all cities and towns in this State of over two thousand population, incorporated under the general laws thereof, shall have the power to regulate, by ordinance, the rates and compensation to be charged by all water, gas, light and sewer companies, corporations or persons using the streets and public grounds of said city or town, and engaged in furnishing water, gas, light or sewerage service to the public."

This statute manifestly did not delegate to the appellee the right to regulate by ordinance the rates charged by appellants for the gas furnished to its customers.

The appellee has not furnished us with a brief, but we assume that it relies, for its authority to regulate the rates of appellants by ordinance, on article 6058, R. C. S., which reads, in part: "When a city government has ordered any existing rate reduced, the gas utility affected by such order may appeal to the Commission by filing with it on such terms and conditions as the Commission may direct, a petition and bond to review the decision, regulation, ordinance, or order of the city, town or municipality"—and that, inasmuch as the appellants prosecuted no appeal to the Railroad Commission, as this statute provides, Ordinance No. 44 became binding. This statute was first enacted by the Thirty-Sixth Legislature as a part of the law placing the control and regulation of public utilities under the jurisdiction of the Railroad Commission. Gammel's Laws of Texas, vol. 20, page 18 et seq. Immediately preceding the language above quoted from article 6058, section 6, of the original law (Acts 36th Leg. [1920], 3d Called Sess., c. 14, § 6) reads: "Nothing in this Act shall restrict the rights of cities, towns and municipalities to control the use of their public streets and alleys; and nothing in this Act shall be construed as taking away from the cities, towns or municipalities of this State any of their existing powers to regulate the rates, service, rules, regulations, and practices of public utilities operating in such cities, towns or municipalities."

It is obvious from this language that, as originally passed, it was not the intention of the Legislature to confer on cities and towns with fewer than 2,000 inhabitants incorporated under the general laws, the power to regulate the rates of public utilities by ordinance. This statute does not undertake to confer on any city or town to which the authority had not already been delegated by the Legislature, the power to regulate the rates charged by public utilities, but continued the existence of such power to the cities and towns to which it had already been delegated.

The language, "When a city government has ordered any existing rate reduced," found in article 6058, should, in our opinion, be construed to mean a city government to which authority to regulate rates by ordinance had been delegated by the Legislature.

■ The Forty-Second Legislature (1931) c. 226, § 1, amended article 1119 (Vernon's Ann. Civ. St. art. 1119) above so as to read, in part, as follows: "The governing body of all cities and towns in this State of over five hundred (500) population, incorporated under the General Laws thereof, shall have the power to regulate, by ordinance, the rates and compensation to be charged by all water, gas, telephone companies, light and sewer companies, corporations or persons using the streets and public grounds of said city or town, and engaged in furnishing water, gas," etc.

The language of the Act of the Thirty-Sixth Legislature omitted, from article 6058, as re-enacted in the Revised Civil Statutes of 1925, is conclusive that the power to regulate rates was not by such act delegated to cities with a population of fewer than 2,000 inhabitants. The amendment to article 1119 by the Forty-Second Legislature discloses that, as interpreted by the Legislature, article 6058 did not delegate to cities with a population of fewer than 2,000 inhabitants the authority to regulate rates by ordinance.

This interpretation of the acts involved, by the Forty-Second Legislature, while not controlling, is entitled to substantial weight in construing the meaning of article 6058. Berry et al. v. County Board of School Trustees of Ochiltree County (Tex. Civ. App.) 42 S.W. (2d) 121.

■ We think it clear that the town of McLean at the time it enacted Ordinance No. 44 was without authority to regulate the gas rates of appellants by ordinance. At least there is a "fair, reasonable, substantial doubt concerning the existence of the power," and it must therefore be resolved against the municipal corporation. Foster et al. v. City of Waco, supra.

The trial court evidently construed article 6058 as delegating to the town of McLean the authority to regulate rates by ordinance, and based his judgment on the validity of Ordinance 44, as the judgment provides that the injunction shall continue in full force and effect until such rate "as fixed by the Town of McLean in said Ordinance No. 44 is changed" by the Railroad Commission or a judgment of the district court of Travis county or other court of competent jurisdiction. This being the basis for the holding of the trial court, in our opinion the judgment was erroneous.

The judgment is therefore reversed, and the permanent injunction making the temporary injunction theretofore granted perpetual is dissolved, and the cause remanded.