**ORR et al. v. MARRS et al.**
No. 4070.

Court of Civil Appeals of Texas. Texarkana.
March 9, 1932.

Rehearing Denied March 24, 1932.

442

Woolworth & Baker, of Carthage, for appellants.

Brachfield & Wolfe, of Henderson, for appellees.

LEVY, J. (after stating the case as above). The record presents only questions of law. There is no dispute of facts. At an election duly called and regularly held and conducted according to the requirements of the statute, at which the proposition of issuance of bonds of the high school district was submitted, the qualified taxpaying voters voted in the required numbers and gave their assent to the proposition to issue bonds of the high school district to raise money to pay for the school site and to construct a suitable school building thereon, and to pay off the outstanding bonded indebtedness of the three common school districts in the grouping. The board of trustees duly ascertained the result and entered the order for the issuance of the bonds, and a transcript of all the proceedings were duly certified to the Attorney General who indicated his approval of the validity of the issuance. The transcript, however, was withdrawn from the Attorney General's department before his formal certificate was entered on the bonds by reason of an order from the board of trustees entered on May 8, 1929, nearly a year after the date of the order of issuance of the bonds. This order of the board rescinded the former action of the taxpayers in voting the issuance of the bonds and annulled the bond issue. After the qualified voters of the high school district in the required number have given their assent to the issuance of bonds at an election held and conducted according to the requirements of the statute, as here shown, the board of trustees, acting through their proper officers, are bound, under usual situations, as an absolute and official duty of the office, to certify a transcript of all the proceedings to the Attorney General for his examination and certificate of the legal validity of the bond issue. Articles 2670, 2786; Cameron v. Baker (Tex. Civ. App.) 13 S.W.(2d) 119; Baker v. State (Tex. Civ. App.) 26 S. W.(2d) 324; Id. (Tex. Sup.) 40 S.W.(2d) 41; Sykes v. District (Tex. Civ. App.) 14 S.W. (2d) 124. The board of trustees, in effect

agents of the taxpayers, have authority only as is conferred by statute as respects an election duly held for the issuance of bonds. They are clothed with the authority only in such situation with the ascertainment and promulgation of results of the election. The promulgation of the result of a fair election regularly held and conducted is the final thing, and it becomes mandatory upon the board to enter the order and forthwith certify the proceedings to the Attorney General. But the question is not so simple as that above stated, in view of the situation shown by the special circumstances. It affirmatively appears that the board of trustees entered their order of annulment of the bond issue in accordance with the petition signed by three-fourths of the taxpaying voters of the high school district, asking that their former action of voting for and assent to the issuance of bonds be rescinded and the bond issue annulled. Therefore, the real question is, What legal effect is to be given to the order rescinding the former vote of the taxpayers authorizing the issuance of bonds and annulling such bond issue? For the awarding or refusing of the mandamus depends upon the legal validity of such order of the board of trustees. If the order of rescission was made under authority of law, then mandamus would not lie, but, if the order was without authority of law, then it would be treated as a nullity and the case would stand as if no such order were passed and entered, and the right to relief by mandamus would obtain. The statute had expressly provided that a bond issue shall be authorized by expression of the popular will of the taxpaying voters given only by an election, as prescribed by law, and duly called for the purpose. By its terms this method of proceeding to obtain a bond issue is exclusive. And having once expressed their will as provided by law in assent of a bond issue, the taxpaying voters are not clothed with authority of any statutory provision to rescind that vote and annul the bond issue, although the bonds be not certified nor contracted to be sold. Neither is there any provision of law for taking such action by petition signed by the taxpaying voters. After the will of the voters shall have been expressed and ascertained as provided by the law by an election, nothing remains, under the terms of the statute, but to carry it into effect. It is fundamental that voters of a district can only exercise such powers as are conferred by statute, either expressly or by implication. All powers not expressly or by implication conferred are excluded. The power to rescind the former vote for the bond issue not being expressly given by the statute, it may not be, it is believed, reasonably implied. The power to vote on a bond issue implies the power to vote against it, but not to vote to rescind it after it has been regularly authorized. As well may it be implied that power to vote for or against a

person for office confers the power to rescind his election regularly made by a subsequent vote of voters. If the Legislature had intended to grant the right of withdrawal of the vote, it could easily have been expressed. For, as respects a maintenance tax for schools, the statute (article 2790) expressly provides that: "An election to revoke, modify or increase such maintenance tax, when permissible, may be obtained and held substantially as herein provided for an election to authorize such tax; provided, however, that no changes or modification in such maintenance tax shall ever affect any bond tax authorized by such district." It is only by like proceeding and express authority of statute, it is believed, that the bond issue, authorized only by an election for the purpose, can be revoked and annulled. The courts cannot give a remedy in the circumstances that the Legislature has not authorized. The fact that conditions in the district have changed is of no effect, as a factual element, in determining the validity of the board's order. The validity must rest entirely upon legal rights, and cannot be predicated solely upon equitable conditions.

In the case of Jackson v. McAllister (Tex. Civ. App.) 196 S. W. 671, 673, the bonds had been issued and had been approved by the Attorney General and registered by the comptroller. Although several points were generally discussed in the opinion, as involved in the case, yet the decision was, in effect, narrowed to and predicated entirely upon the factual elements that "the county judge, by correspondence with dealers in such securities and perhaps otherwise, made efforts to sell the bonds, but was unable to sell or secure an offer therefor at par, as was specifically required by article 632 of the Revised Statutes." The opinion merely applied the legal principle that, the county judge having the legal power to determine the methods to be adopted in order to effect a sale of the bonds, a mandamus would not lie to compel official inaction, because there did not appear to have been an abuse of discretionary powers. We regard that as the extent to which the ruling in the case can be regarded as a precedent. The opinion was so construed in the case of Edens v. Road Dist. No. 1 (Tex. Civ. App.) 211 S. W. 791, 792, wherein it was cited as supporting the refusal to enjoin acts committed within vested discretionary powers where the evidence "fails to show a flagrant and gross abuse of discretion and authority in ordering the road in controversy built," etc.

As shown by the record, the plaintiffs were, it is thought, legally entitled to have the bond issue certified as prayed for, and the trial court has correctly so decided.

The judgment is affirmed.

### On Motion for Rehearing.

The appellants argue with much force the implied authority, under the circumstances of this case, of the board of trustees to enter the order canceling the bonds. The grounds and situation set up and proven for canceling the bonds manifestly afford good cause for giving the redress, and the only objection that can be urged to the action of the board of trustees is that they were wholly without any authority to meet the situation. The Legislature alone can confer authority to the people of the district to revoke the bond issue. The bonds cannot be revoked or canceled by any agency unless the power to do so is conferred by legislative authority, and any doubt as to the existence of such power is, under well-established principles, resolved against its existence.

The case of Jackson v. McAllister, supra, cited and referred to in the original opinion, cannot be regarded as ruling the present suit. it is believed by this court, and the motion should be overruled.