

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXX AUSTIN 11, TEXAS
JOHN BEN SHEPPERD
ATTORNEY GENERAL

Honorable J. C. Gowdy
County Auditor
Wichita County
Wichita Falls, Texas

Opinion No. 0-3305
Re:  Changing boundary lines of
      school districts

Dear Sir:

We received your letter dated March 19, 1941, which reads as follows:

"The State of Texas having leased approximately twenty miles of the Wichita River Bed, your department has heretofore ruled that such oil and gas leases are taxable and the same have accordingly been duly assessed in this county.

"Both banks of the Wichita River being respectively a boundary line of the several adjacent school districts, can such boundary lines be extended to the center of the river bed so that these oil and gas leases may be made assessable for school purposes and if so, what is the proper procedure?"

From the correspondence we have, it appears that there are two adjacent school districts whose boundary line extends to the bank of one side of the river. On the other side of the river there are two other adjacent school districts whose boundary line extends to the bank of that side of the river. The river bed is not within the boundary line of any school district.

Your question is: What is the procedure for extending the boundary lines of the four school districts so as to take in the river bed?

We are informed that three of the school districts are common school districts and the other is an independent school district. We assume that the independent school district is incorporated for free school purposes only.

Article 2766, Revised Statutes, enacted in 1905, reads as follows:

"The commissioners court of any county shall have the authority to change the boundaries of any independent district incorporated for free school purposes only, situated in said county, when in the judgment of said court the public good demands such

change; provided, that the president of the board of trustees of the independent district to be affected by the proposed change shall first be notified, and said board of trustees shall have the right to be heard in case there is opposition to the change. No such change shall be made that would reduce the total value of taxable property in any independent district against which there are outstanding bonds legally issued."

Article 2681, Revised Statutes, enacted in 1915, reads in part as follows:

"The county school trustees are authorized to exercise the authority heretofore vested in the commissioners court with respect to subdividing the county into school districts, and making changes in school district lines. . . . The county superintendent, as secretary of the county school trustees, shall keep an accurate and complete record in a well bound book provided for that purpose, the field notes of all changes made in school district lines, and of all proceedings of the county school trustees. A certified copy of such change in a school district line shall be made and transmitted by the county superintendent to the county clerk, and the county clerk shall record the field notes and certified copy of such change in a well bound book to be designated as the 'Record of School Districts.'"

The above quoted statutes permit the county board of school trustees to change the boundary lines of an independent school district, incorporated for free school purposes only, on its own initiative when it is for the public good. Hill County School Trustees v. Melton et al., 199 S.W. 1142.

Section 2 of Article 2742e, Vernon's Annotated Civil Statutes, reads as follows:

"That on and after the passage of this Act the County Board of School Trustees in any county in this State shall have authority and full power to create Common School Districts, to subdivide districts, and to change boundary lines of any or all Common School Districts legally coming under the jurisdiction of the County Board of School Trustees, subject to the supervision of the District Court having jurisdiction over the county where the County Board is appointed or elected; provided that before any changes may be made in boundary lines of school districts the trustees of the Common School Districts affected shall be notified to appear before the County Board for a hearing, and after said hearing or the date set for said hearing, the County Board of Trustees may pass such order or orders as will carry out the provisions of this Act; provided, further, that the trustees of the districts affected may appeal from the decision of the County Board to the District Court."

We are of the opinion that the statutes herein mentioned empower the county board of school trustees to change the boundary lines of the school districts involved and sets out the procedure to be followed.

We do not determine whether any or all of the leasehold interests are subject to school taxes since we do not have any facts concerning this question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

/s/ Lee Shoptaw

By   Lee Shoptaw
      Assistant

LS:AMM/cm

APPROVED JUN 6, 1941

/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By /s/ BWB
Chairman