**STATE HIGHWAY DEPARTMENT OF TEXAS et al. v. GORHAM.**

**No. 2374.**

Court of Civil Appeals of Texas. Waco.

Jan. 8, 1942.

Rehearing Denied Jan. 29, 1942.

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus, Wm. J. R. King, Ardell Williams, and Wm. J. Fanning, Asst. Attys. Gen., for appellants.

Witt, Terrell, Lincoln, Jones & Riley, of Waco, for appellee.

HALE, Justice.

This is a workmen's compensation case arising under the provisions of Article 6674s of Vernon's Tex.Ann.Civ.St. Acts 1937, 45th Leg., p. 1352, Ch. 502. The case was tried to a jury on special issues and resulted in judgment for appellee, W. E. Gorham, against appellants, the State Highway Department of Texas (hereinafter referred to as the Department) and the State of Texas, as for total permanent incapacity, payable in a lump sum. Appellants contend that the statute upon which the action is predicated had not become operative or effective at the time when appellee sustained his injury and therefore he is not entitled to any recovery. As pertinent to this contention, we shall note briefly the history of the constitutional and statutory provisions upon which the asserted cause of action is based and the facts giving rise thereto.

At the general election held on November 3, 1936, the voters of Texas adopted what is now Section 59, Article III of the Constitution, Vernon's Ann.St., which authorized the Legislature to pass such laws as may be necessary to provide for workmen's compensation insurance for such State employees, as in its judgment might be proper. By virtue of this constitutional provision, the 45th Legislature enacted Article 6674s of Vernon's Ann.Civ.St., which became effective on June 11, 1937. The title of the act is, in part, as follows: "An Act providing workmen's compensation insurance for employees of the State Highway Department of Texas; defining certain terms; authorizing the State Highway Department to be self-insuring; providing that the State Highway Department shall administer this Act; prescribing the powers and duties of the Industrial Accident Board and of the State Highway Department; adopting by reference certain Legislative Acts relating to workmen's compensation insurance; * * * providing funds for the payment of all costs, administrative expense, charges, benefits, and awards authorized by this law; * * * suspending all laws or parts of laws in conflict herewith to the extent of such conflict; and declaring an emergency." Among other things, the act provides, in substance, that after its effective date any employee of the Department who sustains an injury in the course of his employment shall be paid compensation as therein specified; that such employee shall be conclusively deemed to have accepted the provisions thereof in lieu of common-law or statutory causes of action, and shall have no right of action against the agents, servants or employees of the Department for damages on account of personal injuries. Under the act, the Department is authorized to set aside from available appropriations an amount not to exceed 3½% of its annual labor payroll for the payment of costs, bene-

fits and awards, in order that it might become self-insuring; is charged with the administration of the law; is required to notify the Board of the effective date of such insurance and to give notice to all employees that it has provided for the payment thereof.

The jury found on sufficient evidence that appellee sustained an accidental injury on December 7, 1937, while acting in the course of his employment as an employee of the Department which resulted in his total permanent incapacity to work. On December 21, 1937, the Department notified the Board for the first time that compensation insurance for its employees would become effective on January 1, 1938. There was evidence tending to show that all of the necessary machinery for putting the law into operation could have been reasonably set up by the Department within less than two months time after June 11, 1937. On May 26, 1939, the Legislature passed House Bill No. 1047, being Ch. 1, p. 950, Special Laws of the 46th Legislature, granting appellee permission to sue appellants for compensation on account of the injuries alleged to have been sustained by him while working for the Department on December 7, 1937, and on account of the failure of the Department to provide compensation insurance within a reasonable time, as required in said Article 6674s, and providing that any judgment so recovered should be paid out of the funds of the Department set aside for injuries by its employees. This bill reserved for the Department the right to plead in such suit any defense available to it under said Article 6674s, except its failure to have compensation insurance and to comply with the law relevant thereto and to certify appellee as an employee, and except the statutes of limitation, reciting that it was the purpose of the act to make available to appellee all rights and privileges of Article 6674s as if the Department had put said act into effect prior to December 7, 1937.

Appellants insist that since the Department notified the Board that compensation insurance for its employees would become effective on January 1, 1938, and since the machinery for putting the provisions of said Article 6674s into effect had not become operative at the time when appellee sustained his injury, he should have been denied any recovery of compensation. On the other hand, appellee says that since the act was effective on and at all times after June 11, 1937, the provisions thereof should have been put into operation by the Department forthwith, or within a reasonable time after its effective date, so that in all events any and all employees of the Department were entitled to the benefits therein specified for injuries sustained on and after December 7, 1937. The contentions thus asserted by the respective parties call for a judicial construction of the statutory provisions under consideration.

The fundamental rule of construction to be applied to any statute is to discover, if possible, the intention of the Legislature in its enactment. As said by the Supreme Court in the early case of Mills County v. Lampasas County, 90 Tex. 603, 40 S.W. 403, 404: "Strictly speaking, there is but one rule of construction, and that is that the legislative intent must govern. All other canons of interpretation, so called, are but grounds of argument resorted to for the purpose of ascertaining the true meaning of the law." Imperial Irrigation Co. v. Jayne, 104 Tex. 395, 138 S. W. 575, Ann.Cas.1914B, 322. In determining the legislative intent, all available sources should be given due consideration. The courts should not look alone to any one phrase, clause or sentence, but should look to the entire act, including the caption, the body and the emergency clause. Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680. The subsequent interpretation which the same Legislature places upon its own prior act has been held to be of controlling effect. Stephens County v. Hefner, 118 Tex. 397, 16 S.W.2d 804, point 3, and cases cited. But if such subsequent interpretation is not conclusive, it should in any event be highly persuasive. Cherry v. Magnolia Petroleum Co., Tex.Com.App., 45 S.W.2d 555; Berry v. Board of School Trustees, Tex. Civ.App., 42 S.W.2d 121; Tillery v. Town of McLean, Tex.Civ.App., 46 S.W.2d 1028.

Where the cause of action and the remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions with respect thereto are mandatory and exclusive and must be complied with in all respects or the action is not maintainable. However, when the statute upon which the cause of action is thus based abolishes valuable rights and remedies which were previously cognizable under the common law, such statute should be liberally construed to effectuate its beneficent purposes. Middleton v. Texas Power

& Light Co., 108 Tex. 96, 185 S.W. 556; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084.

■■ Applying the above rules of construction to the provisions of Article 6674s, we think it is apparent that the Legislature intended such act should become effective immediately upon its passage and approval by the Governor and that the Department should thereafter set up the necessary machinery for putting its provisions into operation forthwith, or within a reasonable time after its effective date. Any other construction would, in our opinion, do violence to each of the foregoing applicable rules and would result in manifest injustice to appellee or to any other employee of the Department similarly situated. The only step which the record affirmatively shows the Department failed to take in order to put the entire machinery into full operation prior to the time when appellee sustained his injury was its failure to notify the Board of such insurance on or before December 7, 1937. If the Department had in fact set aside from available appropriations a part of its current labor payroll for the purpose of paying claims, and if it had taken and performed all of the preliminary steps necessary to put the insurance in full force, save and except to notify the Board that such insurance was effective, then we see no reason why its failure to perform such ministerial duty should be held to deprive appellee of the valuable rights and benefits which the Legislature clearly intended to confer upon him and upon all other employees of the Department, as the Legislature was expressly authorized by the Constitution to do.

■ Appellants also contend that appellee was not entitled to any recovery because he did not file his claim for compensation within six months after he received his injury. The evidence shows that the Department made some payments to appellee after his injuries had been sustained, and while he was thus drawing what he thought was compensation insurance payments, he conferred with the attorneys who are representing him in this cause, and was advised by such attorneys that he need not file claim or incur any expense for legal services so long as he was receiving the compensation rightfully due him. When appellee received the last payment so made, he was told by a representative of the Department that he was not entitled to compensation benefits because he was injured

before January 1, 1938, and he apparently relied upon such statement until a short time prior to the actual filing of his claim. The jury found on what we think is sufficient evidence that good cause for not filing the claim existed from the date of said injuries until the claim was filed. We therefore overrule this contention.

■ Appellants further assert that the answers of the jury as to the nature and extent of the injuries and the duration of the incapacity resulting therefrom are in such conflict that the court was not authorized to enter any judgment. In addition to their findings of total permanent incapacity to work, the jury also found that appellee sustained the total loss of the use of his right leg at or above the knee for eight weeks, followed by 25% partial, permanent loss of the use of such member, and that he sustained 75% partial, permanent loss of the use of his right foot. They also found on issues which they were instructed in the court's charge not to answer (by reason of their findings on other issues) that at the end of appellee's period of total incapacity, if any, he would suffer partial, permanent incapacity to work. There was no finding that total incapacity to work would ever cease or that the injuries complained of and the effects resulting therefrom were confined solely to the right leg or foot. It is therefore manifest that although the jury found appellee had sustained a partial loss of the use of his right foot and leg, yet his injuries and their effects were not confined specifically to either or both of these members, but resulted in appellee's total permanent incapacity to work. We do not think these findings are inconsistent or that they conflict with the further gratuitous finding that such total incapacity to work, if it should ever cease to exist, would nevertheless be followed by partial, permanent incapacity.

■ Although the point is not raised by appellants, we deem it proper to note that the judgment appealed from decrees that the plaintiff recover from defendants the amount found to be due "in one lump sum, with interest from this date at the rate of six per cent per annum; that plaintiff and the officers of the court recover their cost of and from said defendants, for all of which execution may issue." We find no provision in Article 6674s or in House Bill No. 1047 passed by the 46th Legislature which authorizes the issuance of execution for the enforcement of any judgment

which may be rendered against the Department or against the State of Texas by virtue of said acts, or either of them. We are therefore of the opinion that the portion of the judgment appealed from which purports to authorize the issuance of execution for its enforcement is fundamentally erroneous and should be corrected.

We have carefully examined all of appellants' assignments and because we are of the opinion that no reversible error is thereby shown, they are all overruled; but because we are of the opinion that the judgment appealed from is fundamentally erroneous in authorizing the issuance of execution for its enforcement, the same is reformed to the extent that the provision "for all of which execution may issue" is eliminated therefrom, and the judgment as so reformed is hereby affirmed.